## HAMMOND v. MARMON AUTOMOBILE CO. OF NEW YORK.

(District Court, S. D. New York. July 9, 1924.)

1. Patents ⟜328—1,286,182, for instrument board for automobiles, held void for lack of invention and not infringed.

The Hammond patent, No. 1,286,182, for an instrument board for automobiles, claims 1, 2, and 3, the essential feature of which is the placing of a single piece of glass so as to cover the whole instrument board and all the instruments thereon, *held* invalid for lack of invention; also *held* not infringed.

2. Patents ⟜25—Merely bringing together old devices which function separately is not invention.

Merely bringing old devices into juxtaposition and there allowing each to work out its own effect, without the production of something novel, is not invention.

3. Patents ⟜283(1)—Nonuse may affect scope of patent.

While use of a patented device is not necessary to support the patentee's rights, nonuse may have significance in respect to the scope of the patent.

In Equity. Suit by William P. Hammond against the Marmon Automobile Company of New York. Decree for defendant.

William P. Hammond, of New York City (Clifford E. Dunn, of New York City, of counsel), for plaintiff.

Clark, Carr & Ellis, of New York City (Arthur M. Hood, of Indianapolis, Ind., of counsel), for defendant.

WINSLOW, District Judge. This is an action in equity, brought by the plaintiff to restrain the alleged infringement by the defendant of plaintiff's patent, No. 1,296,182, dated March 4, 1919, claims 1, 2, and 3.

[1] The defendant contends (a) that the patent is invalid; and (b) that defendant does not infringe. Claims 1, 2, and 3 are as follows:

"1. The combination, with an instrument board for vehicles, of a series of instruments mounted upon the board and having flat faces, which are substantially flush with the face of the board, and a continuous sheet of transparent material applied to the face of the instrument board and extending over the faces of all of the said instruments, so as to protect the same, the faces of the instruments being visible through the transparent sheet.

"2. The combination with an instrument board for vehicles, said board having a series of openings therein, instruments fitted within the openings and having flanged faces, which engage the peripheries thereof, and a continuous sheet of transparent material applied to the face of the instrument board and extending over the flanged faces of all of the said instruments, so as to protect the same, the faces of the instruments being visible through the transparent sheet.

"3. The combination, with an instrument board for vehicles, of a series of instruments mounted upon the board and having flat faces, which are substantially flush with the face of the board, a continuous sheet of transparent material applied to the face of the board and extending over the faces of all of the said instruments, a fastening frame engaging the periphery of the transparent sheet and detachably secured to the instrument board, and packing at the edges of the transparent sheet."

Plaintiff describes his invention in the patent as:

"An instrument board for automobiles, one object of the invention being to provide a construction for instrument boards in which all of the measuring

and indicating instruments are covered and protected by a single transparent plate, thus obviating the necessity of providing an independent crystal or glass and corresponding bezel for each individual instrument."

Translated into other language, the patent in suit provides for the placing of a single piece of glass, so as to cover the whole instrument board (or dashboard) of an automobile, omitting individual glasses for each instrument, if desired.

The defendant's structure consists substantially of a single unit, entirely separable and distinct from the instrument board, into which unit all of the measuring instruments have been aggregated without any co-operative relationship, and this aggregated unit as a whole is mounted in the instrument board by a flexible three-point suspension and the face of the unit is covered with glass.

As evidence of the state of the prior art, the defendant has offered a number of patents and exhibits. A reference to only a few of them may be necessary. Kennedy's patent, No. 701,353, shows an instrument unit comprising a trip odometer, season odometer, and clock. The specifications in this patent state that the dials may be carried by the instruments themselves and the base plate perforated to expose the dials. While no reference is made to a covering glass, one of the drawings discloses such cover.

Defendant's Exhibits 1 to 4, inclusive, illustrate what is described as the Fageol instrument unit, antedating plaintiff's patent. This instrument comprises a perforated aluminum casing, with perforations so made as to receive the several indicating instruments. These instruments were independently mounted in the base plate, each instrument being separately withdrawable.

The so-called Waltham-Packard instrument unit, which also preceded plaintiff's patent, is perhaps most pertinent when considering the state of the prior art. Defendant's Exhibit 9, manufactured in 1916. This is a single unit, consisting of a perforated base plate exposing the faces of two instruments—i. e., the combination speedometer odometer and the clock—and covered by a single sheet of glass. It can hardly be possible that the addition of one or two more instruments under the same glass, mounted in the same way that the other two instruments are mounted, would make the "invention" patentable. A series of four or five instruments, instead of two instruments, under a single sheet of glass, does not differentiate the plaintiff's invention from this particular exhibit, nor would the removal of the one glass plate and the substitution of several involve any different principle. There is nothing novel in mounting a number of unrelated and unconnected instruments on a board and covering the face with a sheet of glass.

[2] In plaintiff's structure the several operating and indicating instruments are functionally and structurally separate and independent from each other, and have no effect of any kind the one upon the other. The glass face covering the several instruments does not affect structurally or functionally any of the instruments. They function exactly as if there were no glass covering, and the glass functions just as if there were no instruments. The glass may protect from dust, and that protective function may be performed separately as to each instrument

by the glass immediately over the face of the protected instrument. The instruments are neither modified nor are their functions affected by the presence or absence of the glass. The bringing together of old elements, accomplishing the purposes stated, is not a combination which is an invention, within the meaning of the law. Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect, without the production of something novel, "is not invention." Grinnell Washing Machine Co. v. Johnson, 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196.

The structure disclosed by the patent in suit, and as defined and limited by the claims, is not an instrument unit separable and distinct from the instrument board of the prior art, but is an instrument board, or dashboard, of the prior art, to the face of which has been applied a continuous sheet of transparent material extending over the face of the instruments, which are themselves individually mounted upon the board.

[3] The evidence further convinces the court that plaintiff's so-called invention is of doubtful utility, if manufactured in the manner described in the specifications and claims. This conviction is further justified by the record, which discloses that there has been no manufacturing under the plaintiff's patent. While this is not necessary in order to support the plaintiff's rights thereunder, it does in the instant case have significance in respect to the scope of the claim of the patent in suit. Hammond v. Benzer Corp. (D. C.) 295 Fed. 908, at page 912.

Even if the plaintiff's patent were valid, it is not infringed by the defendant's instrument board. The defendant's instrument board is a walnut board, perforated in five places, and in these perforations are mounted some five elements. One of these is a group unit not covered by glass in any way. In one of the perforations there is mounted the aggregated measuring instrument unit, in the form of a single instrument unit. The gasoline gauge, ammeter, oil gauge, speedometer unit, and clock are mounted in five perforations of the base plate of this instrument unit. This base plate forms no part of the instrument board.

A decree will be entered in favor of defendant, dismissing plaintiff's bill, with costs.