## HAMMOND v. PAIGE-OHIO CO.

Circuit Court of Appeals, Sixth Circuit. January 6, 1928.

No. 4811.

1. Patents ⊙═➣328—1,296,182, claims 1–3, involving single glass covering entire instrument board in automobile, held void for want of invention.

Hammond patent, No. 1,296,182, claims 1, 2, and 3, for construction of instrument boards in automobiles in which measuring and indicating instruments are protected by single transparent plate, held void for want of invention.

2. Patents ⊙═➣328—1,296,182, for single glass for instrument board in automobiles, held not infringed.

Hammond patent, No. 1,296,182, for substitution of single glass covering entire instrument board in automobiles, if valid, held not infringed by structure which differed from that described in patent, except in use of single glass covering.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Patent infringement suit by William P. Hammond against the Paige-Ohio Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 300 F. 803.

Joseph H. Milans, of Washington, D. C. (Clifford E. Dunn, of New York City, Fay, Oberlin & Fay, of Cleveland, Ohio, and Nelson Littell, of New York City, on the brief), for appellant.

Clarence B. Zewadski, of Detroit, Mich. (Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., Kwis, Hudson & Kent, of Cleveland, Ohio, and Laurence J. Whittemore and William J. Belknap, both of Detroit, Mich., on the brief), for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. The patent in suit, Hammond, No. 1,296,182, issued March 4, 1919, upon application filed November 1, 1917, relates to an instrument board for automobiles. Its sole object, as stated in the specifications, is "to provide a construction for instrument boards in which all of the measuring and indicating instruments are covered and protected by a single transparent plate, thus obviating the necessity of providing an independent crystal or glass and corresponding bezel for each individual instrument." The first two claims of the patent, broadly speaking, call for a combination, with an instrument board for vehicles, of a series of instruments mounted upon the board, and having flat faces substantially flush with the face of the board, and a continuous sheet of transparent material applied to the face of the instrument board, through which the faces of the instruments are visible. Claim 3 calls for the same combination with a fastening frame engaging the periphery of the transparent sheet and detachably secured to the instrument board, with packing at the edges of the transparent sheet. The remaining claims call for the additional element of openings through the transparent sheet to receive projecting portions of the operating instruments.

[1] What the patent really attempted to teach was the substitution of a single glass covering the entire instrument board for separate glasses covering the different instruments mounted upon the board. The patent drawings show the conventional instrument board of the time, with widely scattered instruments mounted thereon, and with a single

23 F.(2d)—21

glass covering the face of the entire board. Defendant's structure consists of an instrument board having an oval opening for an instrument unit, within which there are assembled the various instruments. This instrument unit, or compact arrangement of the several instruments, is covered by a single glass. It is not a development of the patent in suit, but an extension of the Waltham conception, used long before Hammond, which consisted of a unit carrying a speedometer and a clock, the face of the entire unit being covered by a single glass. Besides, the Fageol Motor Company, which was engaged in building trucks, constructed the prototype of plaintiff's structure in 1916—an instrument board with a single glass covering the faces of the various instruments mounted on the board. Two of these boards were mounted on automobiles, and exhibited to the public. The structure that defendant uses is no more like Hammond than it is like Fageol; it is more like Waltham than either.

Nor did the plaintiff originate the single glass cover for several instruments, for this, as we have seen, was not only found in Fageol, and to a lesser extent in Waltham, but was also taught by a publication in 1911 in a trade paper, the Automobile. Similarly the mounting of the instruments and the fastening of the glass face on the board were old and known in the art. Instruments flush with the board were to be found in Schubert, 1,116,498, and Larson, 1,214,690, as were flanged faces in Ames, 1,030,858, and openings made in the glass to receive projecting portions of operating instruments in Larson; and the use of packing around the edges of the glass covering was an expedient that had been uniformly resorted to to prevent the breaking of the glass.

[2] The first three claims of the patent were considered in Hammond v. Marmon Automobile Co. of New York (D. C.) 300 F. 803, and held invalid for lack of invention. With that conclusion we agree, and we further conclude that, if plaintiff's patent is valid, it is not infringed by defendant, whose structure is quite different from plaintiff's, except in the use of a single glass cover, which, with the openings therethrough for the operating instruments, already had a place in the art.

Judgment affirmed.