WILLAMETTE IRON &. STEEL WORKS v. COLUMBIA ENGINEERING WORKS.

(Circuit Court of Appeals, Ninth Circuit.   July 1, 1918.   Rehearing Denied October 14, 1918.)

No. 3061.

1. PATENTS ⟨=⟩328—INFRINGEMENT—VALIDITY—"PULLEY"—"SHEAVE."

The Beck patent, No. 807,994, for an improved pulley, which provided for a flaring sheave, *held* invalid, not showing invention in view of the prior art; a "pulley" being one of the elementary mechanical powers, consisting of a pulley wheel, called a "sheave," etc., mounted in a block.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Pulley.]

2. PATENTS ⟨=⟩19—INVENTION—CHANGE OF DEGREE.

A mere change in degree is not invention; and hence it does not show invention to take a small pulley and enlarge it.

3. PATENTS ⟨=⟩112(3)—EVIDENCE—PRESUMPTION.

The issuance of a patent is of itself presumptive evidence, both of invention and patentability.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Suit by the Columbia Engineering Works against the Willamette Iron & Steel Works to enjoin the defendant from infringement of letters patent No. 807,994, issued to Otto R. Beck, December 19, 1905, for an improvement in pulleys, of which the plaintiff is the owner by assignment. From a decree for complainant, defendant appeals. Reversed, with directions to dismiss bill.

John K. Kollock, of Portland, Or., for appellant.
T. J. Geisler, of Portland, Or., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. [1, 2] The claim of invention described in the patent in suit relates to certain new and useful improvements in pulleys. "A pulley" (as defined in the Standard Dictionary) "is one of the elementary mechanical powers, consisting of a grooved wheel mounted in a block, used to increase power and transmit it by means of a flexible cord or rope in a changed direction." "A sheave" (also defined in the same dictionary) "is a pulley wheel with a grooved edge, over which a cord or rope may run."

It is a matter of common knowledge that, if the groove on the edge of the wheel or sheave in a pulley block is sufficiently deep, it will carry a rope of a diameter slightly less than the groove without any corresponding opposite opening in the block in which the pulley is mounted; but with a corresponding opening in the block the groove in the wheel may be more shallow, and the rope pass through the groove with less friction than over a wheel with a deep groove. It is also apparent that, if the opening in the block is large enough, it will permit the passage of an enlarged section of a wrapped or spliced rope over the wheel, without danger to the rope or wheel. A further enlargement of the opening in the block may also permit the passage over the wheel of a hook or other attachment to the rope without danger to either.

It is at this point in the construction of the pulley block and wheel that appellee's device comes into play, and its operation is illustrated in the hauling of logs. The diagrammatical application of this operation appears in the drawing (Fig. 3) attached to the patent No. 807,994. The claims of the patent are as follows:

1. A pulley comprising a block having opposite cheek plates, and a sheave mounted for rotation between said plates, said plates having their upper portions flared outwardly from said sheave to form a wide throat, and the side portions of said cheek plates at the opposite ends of said throat being flared.

2. A pulley comprising a block having opposite cheek plates, and a sheave mounted for rotation between said plates, the side portions of said plates being flared to provide enlarged end portions to the throat of said block.

3. A pulley comprising a block, and a sheave mounted for rotation therein, said block being provided with a throat whose end portions are flared outwardly.

The primary object of the improvement, as stated in the specifications, is to produce a pulley which has but few parts, is comparatively inexpensive to manufacture, and is efficient in operation.

The defendant denies infringement and sets up three separate defenses: (1) Want of invention. (2) Want of novelty, because of prior public use. (3) Want of novelty, because of prior patent.

Upon the trial of the case in the court below the appellee called William R. Phillips, a mechanical engineer, who testified that the pulley described in the patent in suit is so made that it offers the least possible obstruction to anything that may be attached to the line that is being drawn through; that the device had two purposes, one to keep the cable on the pulley, and the other to render the least obstruction to the cable; that the design of the inventor was to render the least obstruction to the cable; that there were other blocks that would hold the cable to the pulley; that the opening in the block opposite to the groove in the pulley flared in two directions, viz. perpendicularly and horizontally; that this flaring of the opening in the block was to admit of a more facile passage of the cable over the pulley.

There was evidence on the part of the appellant tending to show that certain prior patents and devices had the vertical flare, viz.: No. 57,425, issued to Alfred Hartz, October 16, 1894; No. 635,604, issued to Simon H. M. Seib, October 24, 1899; No. 638,772, issued to A. B. Tarbox December 12, 1899; No. 670,974, issued to A. B. Tarbox,

April 2, 1901. There was also evidence tending to show that patent No. 700,212, issued to W. Louden, May 20, 1902, and No. 743,840, issued to F. M. Eby, described devices having both the vertical and lateral flares.

The court below found there was no anticipation in the Louden patent, for the reason that there was no evidence of the lateral flare, either in the claims or the specifications of the patent, and that there was no lateral flare in the clothesline pulley of the Eby patent. We are constrained to disagree with the learned court with respect to these two patents. We think the specifications and claims of the Louden patent, as they are illustrated by the model introduced in evidence and by the drawings of the patent, describe both a vertical and lateral flare, and the same may be said of the Eby patent for the clothesline pulley. The objection to the clothesline pulley, that it is a small affair, does not seem to us to be sufficient to exclude it from consideration as an anticipating device. It is the same in operation, although not intended to accomplish the same purposes; but it did not require invention to enlarge the small pulley sufficiently to make it equally useful and effective in hauling logs. That would be a question of degree, and a mere change in degree is not treated as invention in the patent law.

But, passing by the question of anticipation as presented by these two patents, is there invention in giving a flare to the sides of the opening in the block over the sheave or wheel? It was probably found in practice that with perpendicular sides to this opening a hook or other attachment on the line passing over the sheave or wheel would catch on the one or the other of the sides of the block. If so, what was more simple than to enlarge the opening and give the sides a flare, so that the hook or other attachment would not catch on either side, but would pass freely through the opening in the block on over the wheel? For this change in the construction of the block mechanical skill was clearly sufficient.

The claim is made by the appellee that the object of the flaring sides to the opening of the block in suit was to permit the use of a narrow sheave to save weight and cost, and that the advantage of a wide sheave, as shown in one form of appellant's block, had been attained by such flaring construction of the appellee's block with a narrow sheave. This claim is made primarily to point out the difference in two blocks manufactured by the appellant, one with a narrow sheave, claimed as an infringement of the appellee's patent, and the other with the broad sheave, not claimed as an infringement. Conceding that there is this difference in the two blocks, it does not follow that this feature of appellee's block is the product of invention.

[3] Here, again, we think the difference in construction is one merely of degree, and not of invention. It is true that the issuance of a patent is of itself presumptive evidence both of invention and patentability; but we think an inspection of the device, as shown by the model and described in the specifications and claims, overcomes this presumption, and, aside from the evidence of anticipation in the Louden and Eby patents, determines that the patent in suit lacks invention.

The judgment of the District Court is therefore reversed, with direction to dismiss the bill of complaint.