## SCOFIELD v. RODMAN CHEMICAL CO.

(Circuit Court of Appeals, Seventh Circuit. April 25, 1923. Rehearing Denied June 14, 1923.)

No. 3180.

Patents ⬧328—949,442, for preparation for case-hardening steel, held void for lack of invention.

> The Rodman patent, No. 949,442, relating to the preparation of a compound for case-hardening low-carbon steel, which consists essentially in the employment of an oily substance to unite the carbonaceous and energizing materials and prevent their deterioration through moisture, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Rodman Chemical Company against Jeanette Scofield, administratrix of the estate of Thaddeus S. Scofield, deceased. Decree for complainant, and defendant appeals. Reversed.

Arthur L. Sprinkle and Eben O. McNair, Jr., both of Chicago, Ill., for appellant.

Jo Baily Brown and F. W. Winter, both of Pittsburgh, Pa., for appellee.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The patent here in issue (No. 949,442) has to do with the preparation of a commercial product used in the case-hardening of low-carbon steel. The claims in controversy are:

"1. The method of preventing deterioration in the cementing or case-hardening compounds containing carbonaceous and energizing substances which consists in coating the carbonaceous particles with a protecting substance carrying the energizing substance."

"5. Cementing material consisting of a carbonaceous substance and a hydrocarbon protector containing an energizing substance."

"6. Cementing material consisting of a carbonaceous base and a tacky binder containing an energizer."

The District Court found them valid and infringed, and decreed accordingly.

As properly stated in appellee's brief, the art of case-hardening is very old, and in it there have been long employed carbonaceous substances which, when heated to high degree with the article to be case-hardened, will produce the hardening effect. "Some of the materials which have been long so used are bone, leather, charcoal, coke, and the like." It was further there stated that the efficiency of such carbonaceous materials "is increased by mixing with them certain chemicals known in the art as 'energizers,'" and that "some of those commonly used and well known in the art prior to the application for this patent are lime, soda ash (potash), salt, barium carbonate, ammonium carbonate, etc."

The practice had been to use the carbonaceous element in various sizes from coarse particles to powder form. The energizing element, when used, was more generally powdered. The patent in question has by its terms nothing to do with the ingredients as such, nor their proportions, but only with the mixing of them, so that the ingredients will be protected from deterioration through moisture, and preventing the separation of the fine from the coarser ingredients, the protecting ingredient being usually an oil.

In view of the frank and well-founded statement of appellee's counsel that "oil added to case-hardening compounds composed entirely of mixed dusts for these purposes was old in the published art," the evidence in support of the proposition need not be referred to. But it is contended that this appears to have been so only where the carbon element was in powder form, as well as the energizer, and that the purpose of the oil was only to prevent the blowing away of the dust. If the use of oil as an ingredient of the compound was disclosed at all in prior art or publication, it is obvious that its effect as a binder together of the various elements would be substantially the same whether the elemental particles were all reduced substantially to powder form, or some of them were coarser than others.

It is not contended that the employment of the oily substance is for any purpose other than· the mechanical effect of uniting the particles together, and protecting them against moisture. That an oily coating of the particles will protect against moisture is evident, and if the prior art or publication indicated oil as an element of the mixture, it is not material whether or not this particular protective virtue was then pointed out.

In support of the claims it is contended that in the practice thereunder the carbonaceous element of the patent must be granular, and that the claims should be read in the light of an art wherein the carbonaceous particles are coarse and granular, and that the patent teaches the mixing of the powdered energizing substances with the oil, whereby the fine particles become saturated, and attached to the granular carbon particles through the adhesiveness of the oily element. This contention is necessary to the validity of the claims, because the patent nowhere indicates that the carbon particles of the compound must be of the larger and granular size.

We do not think the contention is well founded. It cannot be said that of necessity the carbon must be of the larger sizes, nor indeed that the energizing substances must in all instances be reduced to a fine powder. Under the evidence, these elements may all be coarse or fine, though it may be conceded that the coarser form of the carbon content is more· generally employed. In this view the patent fails to disclose an essential step or condition.

Wherever the ingredients of the mixture consist of particles of different sizes, it would follow inevitably that when mixed with an adhesive element those of larger size will be more or less surrounded by those which are smaller, and this in proportion to the difference in the size of the particles. These claims, depending for their validity upon the difference in size between the particles of the carbonaceous and the energizing elements, are void, because the patent disclosures are entirely wanting in such requirement or information. We cannot escape the conclusion that the claims sued on are invalid.

The decree of the District Court is reversed, with direction to dismiss the bill for want of equity.