## D. J. MURRAY MFG. CO. v. SUMNER IRON WORKS et al.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1924. Rehearing Denied September 2, 1924.)

No. 4231.

1. Patents ⬯328—933,231, claim 12, for improved "log turner," held void for want of invention.

Cleveland patent, No. 933,231, claim 12, for improved "log turner," *held* void for want of invention.

2. Patents ⬯23—Substitution of single bifurcated arm for two arms bolted together held not invention.

Substitution of single bifurcated arm straddling bearing for two arms bolted together in log-loading machine *held* not invention.

3. Patents ⬯26(1)—Combination of old elements in new machine held patentable.

Combination of old elements in new machine is patentable, if it accomplishes old result in more efficient manner.

4. Patents ⬯19—Increase in size or strength of elements of combination held not invention.

It is no invention to increase size or strength of elements of existing combination, or to produce more economical or convenient machine.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by the D. J. Murray Manufacturing Company against the Sumner Iron Works and another. From a decree for defendants (296 Fed. 491), complainant appeals. Affirmed.

T. J. Geisler, of Portland, Or., for appellant.

Cooley, Horan & Mulvihill, of Everett, Wash., and MacCormac Snow, of Portland, Or., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellant appeals from a decree adjudging void for lack of invention claim 12 of patent No. 933,231, issued to Charles E. Cleveland, September 7, 1909, for an improvement in log-loading mechanism commonly called a "log turner"; the patent having been transferred to the appellant. Claim 12 reads as follows:

"In a log-handling mechanism, the combination of a bed plate provided at its outer end with a shaft bearing; a shaft extending through said bearing; an arm in operative relation with the shaft, said arm being bifurcated and straddling the bearing formed upon the outer end of the bed plate; a power cylinder pivotally mounted upon the bed plate; and a piston rod working in the cylinder and connected at its outer end to the adjacent end of the arm."

[1, 2] Log turners were old in the art, several patents having been issued to cover combinations more or less similar to that which was described in the Cleveland patent. The Cleveland log turner was undoubtedly an improvement on those which preceded it. The appellee, attracted by its features, took advice of counsel as to the validity of claim 12, and, acting thereon, deliberately imitated the Cleveland machine. One of the improvements in that combination is the bed-plate which Cleveland used. All prior log turners that had bed plates

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

used a plate with the shaft bearing offset to one side of the center of the cylinder. Cleveland's bed plate was placed in direct line with the center of the cylinder and push arm, and the evidence indicates that such construction was advantageous in equalizing the strain and obviating breakage of the bed plate. But the peculiar form of Cleveland's bed plate is not made an element of claim 12. All that is new in claim 12 is the bifurcation of an integral arm, and the fact that as mounted upon the rock shaft it straddles the bearing upon the outer end of the bed plate. As against the novelty of a bifurcated integral arm the appellee presents patent No. 448,592, issued March 17, 1891, to F. Simonson, for a log lifter and turner. In that combination two arms are used, and they are spaced apart by a block secured between them by bolts. Both arms are mounted on the shaft, but they do not straddle a bearing.

[3] The combination of old elements in a new machine is patentable, if it accomplishes a new result, or accomplishes an old result in a more efficient manner. The Cleveland log turner accomplishes no new result. So far as the mere handling and turning of logs is concerned, it is no better and no more efficient than the log turners which preceded it. Its only advantage is in the cheapness of its construction and the increased strength of its component parts, and the consequent avoidance of breakage. This is not effected by any new element in the combination. All of its elements are found in the prior art. To substitute for two arms bolted together a single bifurcated arm straddling the bearing for the rock shaft was not to exercise the faculty of invention. It was but to substitute an equivalent device (Howard v. Detroit Stove Works, 150 U. S. 164, 14 Sup. Ct. 68, 37 L. Ed. 1039), and was not the result of the discovery of a new principle or new means for accomplishing an old result.

[4] Nor is it invention to increase the size or strength of the elements of an existing combination, Am. Road Mach. Co. v. Pennock & Co., 164 U. S. 26, 17 Sup. Ct. 1, 41 L. Ed. 337, Streit v. Kaiper, 143 Fed. 981, 75 C. C. A. 167, Turner v. Lauter Piano Co., 248 Fed. 930, 161 C. C. A. 48; or to produce a more economical or convenient machine, Grinnell Washing Mach. Co. v. Johnson Co., 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196. Said the court in Smith v. Nichols, 21 Wall, 112, 119, 22 L. Ed. 566:

"But a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means with better results, is not such invention as will sustain a patent."

And in Machine Co. v. Murphy, 97 U. S. 120, 125, 24 L. Ed. 935, it was said:

"Authorities concur that the substantial equivalent of a thing, in the sense of the patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape."

The decree is affirmed.