## CLEVELAND TRENCHER CO. v. BUCK-EYE TRACTION DITCHER CO.

### No. 4291 Civil.

District Court, N. D. Ohio, W. D.

Dec. 5, 1940.

Albert R. Teare, of Cleveland, Ohio, for plaintiff.

Arthur W. Dickey, of Detroit, Mich., and Malcolm W. Fraser, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

Plaintiff company, as the assignee of United States letters patents numbers 1,-527,438, number 1,553,833 and number 1,-927,323, all having reference to claimed improvements in the operation of a trench digging machine, complains of the defendant company that it has infringed the rights of plaintiff under the above listed patents and asks injunction, accounting and costs.

The defendant company in its answer denies the legality of plaintiff's patents; asserts, among other things, that the claimed improvements involve only the exercise of ordinary skill and that they are wholly lacking in patentable novelty; that they disclose and set forth only unpatentable aggregations of elements; alleges anticipation and asks that the complaint be dismissed.

It appears that Augustus J. Penote, the assignor of the aforementioned patents number 1,527,438 and number 1,553,833, was a general contractor specializing in the excavation of trenches for underground conduit lines and that in the summer of 1921 he undertook the performance of a contract for the excavation of trenches in the city of Detroit, Michigan. It was a large undertaking for the digging of trenches in the tree lawn in congested districts where trees, poles, driveways and other obstructions were encountered. He undertook the digging by hand. It developed into a slow and expensive process that gave promise of heavy loss to the contractor. He was the owner of a large and heavy P. and H. trench digging machine and had had experience with its operation and he therefore visited the defendant company at Findlay, Ohio, and proceeded to explain his needs and proposed to them that they manufacture a small, light and easily maneuverable machine that could be used in the tree lawn work and would be light enough to avoid breaking the sidewalks and driveways. Defendant designed a machine and presented sketches to Penote which apparently did not meet with his approval for he made no further effort to press defendant company for action. Mr. Penote, assisted by one William Fisher, then proceeded to assemble parts of machines that he had access to, including one of the defendant's trench digging machines, and constructed a so-called baby digger that met with his satisfaction in the completion of the Detroit contract.

It is claimed in this machine that patent number 1,527,438 relates in general to the forwardly inclined uprights on which the digging wheel mounting is slidably supported and, as a result of this forward tilting and sliding upward on the inclined upright, that when the digging wheel is raised for traveling purposes its weight is shifted sufficiently forward so as to maintain the center of gravity within the crawlers of the machine. It is not claimed that these inclined uprights add to the efficiency of the machine while digging but

that they are of benefit when the machine is in a traveling position, not only because of the weight shifting proclivities but because of the claimed shortening in the overall length of the machine through the use of these forwardly inclined posts, thus adding to the maneuverability of the machine in congested districts.

Patent number 1,553,833 has reference to an excavating machine having a full crawler mounting for transportation purposes with a frame overhanging each end of the crawlers, with the digging wheel located at the rear end of the frame in counterbalanced relationship to the engine which is mounted at the forward end of the frame.

Patent number 1,927,323 relates to a claimed improvement in a digging bucket and embodies a U-shaped member wherein the end edges of the arms of the U butt against the outer edges of the wheel rings and wherein bars which are welded or otherwise permanently attached to the arms overlap the outer surfaces of the rings and are bolted thereto. The improvement claimed appears to be the attachment of the bucket to the rims of the excavating wheel in such a manner that the edges of the buckets abut against the outer edges of the rims of the wheel, thereby providing a smooth joint between the inner surface of the rims and the inner surface of the bucket, thus enabling the dirt to fall out of the bucket more easily than would be permitted if a rough joint were to interfere.

In the trial of the case defendant made no effort to deny infringement if the patents in question are valid. The question involved, therefore, is whether the patents in question rise to the dignity of invention.

## Patent Number 1,527,438

The claimed advantage of the upwardly inclined posts is that upon raising the wheel for traveling position it is swung forwardly and upwardly along these posts, thus shifting its weight forwardly on the crawlers and at the same time shortening the over-all length of the machine, thus increasing the maneuverability of the machine. I look upon the latter claimed benefit as being so small as to receive little consideration. Plaintiff's own witness, James McElroy, testified on cross-examination (R. 101) that the shortening of the over-all length by three inches is only a small advantage.

This same witness further testified (R. 105) that the unit pressure change on the crawlers of about three and one-half per cent on shifting the balances forward is very small. He further testified that in his opinion the inclined uprights have very little added effect when digging.

Assuming for a moment that the question of anticipation is not considered, the problem is whether the idea of inclining these posts forwardly is a patentable idea or whether it involves merely mechanical skill. I am inclined to believe that at most it involves only the latter and is not such a contribution as would deserve the dignity of a patent. In view of the state of the prior art, it appears to me to be an improvement within the reach of the ordinary skill of those familiar with the art.

It appears to me that the improvement that patent 1,527,438 contemplates was known to and used by the defendant in its machine number 875, exhibits D and D1, in the years 1913, 1914 and 1915, prior to the claimed invention for which application for patent was made on January 18, 1923. It appears to me further that the idea was anticipated by the prior Rood patent number 884,764.

## Patent No. 1,553,833

It is stressed by plaintiff that he perfected a small, light and easily maneuverable machine that solves the problem of tree lawn work.

"It is not invention to so enlarge and strengthen a machine that it will operate on larger materials than before. Willamette Iron & S. Works v. Columbia Eng. Wks., 9 Cir., 252 F. 594; Scofield v. Rodman Chemical Co., 7 Cir., 290 F. 169; D. J. Murray Mfg. Co. v. Sumner Iron Works, 9 Cir., 300 F. 911; Westinghouse E. & M. Co. v. Pittsburgh T. Co., D.C. W.D. Pa. 1926, 10 F.2d 593. Nor is invention achieved merely by any change in size of an object. Premier Machine Co. v. Freeman, 1 Cir., 1936, 84 F.2d 425, 427." Walker on Patents, Deller's Edition, vol. 1, sec. 30.

"It is not invention to make something smaller and lighter." Nelson Corp. v. Nesbitt, Inc., D.C., 4 F.Supp. 703, 706, Tuttle, J., affirmed Nelson Corp. v. American Blower Corp., 6 Cir., 84 F.2d 171.

To the same effect are the following: Ohio Galvanizing & Mfg. Co. v. Mercury Mfg. Co., 6 Cir., 49 F.2d 895; Powers-

Kennedy Contracting. Corp. v. Concrete Mixing & Conveying Co., 282 U.S. 175, 51 S.Ct. 95, 75 L.Ed. 278; Huebner-Toledo Breweries Co. v. Mathews Gravity Carrier Co., 6 Cir., 253 F. 435; Adams v. Galion Iron Works & Mfg. Co., 6 Cir., 42 F.2d 395.

I am of the opinion that the claimed benefits under patent 1,553,833 add nothing new to the art that rises to the dignity of a patent. The feature of tractor belts or crawlers as the sole running gear for excavating machines and the steering of these crawlers from the side through slackening one crawler for a change of direction and the claimed counterbalancing benefit through offsetting the weight of the digging wheel at one end of the frame with the engine at the other were old and well-known before the claimed invention. Stahl No. 1,466,568, French No. 1,285,108, French No. 1,509,646, set forth these ideas in anticipation of the claimed patent.

It appears to me further that this patent is not invention in view of the prior art as represented by the prior knowledge and practices of the defendant; also of the Austin Machinery Corporation in the design, manufacture and use of its sugar cane machine in the years 1919 and 1920.

I am of the opinion that Augustus J. Penote, when he assembled a machine calculated to complete his Detroit tree lawn contract, put together well-known parts of other trench digging machines into a machine of smaller, lighter and consequently of a more maneuverable design. He mounted an old gas engine at the forward end of the frame and the digging wheel at the rear end of the frame in counterbalancing relationship just as had been done in the industry before. He used the machinery of other machines, including that of defendant, in putting these parts together. He mounted his apparatus on small crawlers that were well-known in the art. He operated the engine and drove the tractor from the engine and manipulated the digging wheel and the steering of the entire apparatus in a manner well-known in the art. He merely constructed a small, light machine out of parts gathered from machines common in the industry and claims as his improvement thereon the upwardly inclined post for manipulating the wheel when traveling position is desired and a counterbalancing relationship of digging wheel and engine on crawler tractors with side steering. I do not regard these claimed improvements as innovations in the art that rise to the dignity of patents.

### . Patent No. 1,927,323

This patent was applied for on May 16, 1932, by Vincent S. Penote and the patent was issued on September 19, 1933. It appears that no prior patents were considered by the Patent Office when it passed upon this patent (exhibit V).

The claimed feature is the provision of a smooth inner surface between the rims or periphery of the wheel and the bucket.

I see nothing novel in this design that would elevate it beyond mere mechanical skill. It appears to me further that Heck No. 1,110,931, which was not considered by the Patent Office, sufficiently anticipates this claim.

It is my opinion that all three of these patents are invalid and void. The complaint is dismissed with costs awarded the defendant. Defendant is allowed ten days within which to prepare and file findings of facts and conclusions of law in accordance with this opinion. Plaintiff may have ten days thereafter to file its exceptions or suggested modifications thereto.