WINDSOR v. MERCIER.

(Circuit Court of Appeals, Sixth Circuit. October 8, 1918.)

No. 3126.

PATENTS ⊜328—INVENTION—DUMPING BODY FOR VEHICLES.

The Windsor patent, No. 1,181,192, for a dumping body for vehicles, *held* void for lack of invention.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by James G. Windsor against John A. Mercier. Decree for defendant, and complainant appeals. Affirmed.

Stuart C. Barnes, of Detroit, Mich., for appellant.

Barthel & Barthel, of Detroit, Mich. (O. F. Barthel and C. R. Stickney, both of Detroit, Mich., of counsel), for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

DENISON, Circuit Judge. The plaintiff below appeals from the decree dismissing his infringement bill, based upon patent to Windsor, No. 1,181,192, issued May 2, 1916, and covering a dumping body for vehicles. The patent has two claims. The District Court held them both invalid. The plaintiff rests his appeal upon the second claim, as to which infringement is better made out, and only that claim need be considered. The construction involved is clearly enough indicated by the language of the claim, which is as follows:

"The combination with a vehicle, a horizontal transverse way on said vehicle, a body V-shaped in cross-section having sides converging downward toward a center, a rocker engaging said way shaped in approximately the arc of a circle extending under and adjacent to the lower portion of said body at its center, and extending farther from the surface of said body and rising above the lower part of said body toward each end, the sides of said body, when in its upright position, being inside of the other lateral limits of said vehicle, said rocker being adapted to carry said body laterally of the vehicle so that its dumping edge shall be beyond said limits when said body is rocked to its dumping position and said side along the surface of which the load is discharged shall have its inner edge elevated because of the said extension of the rocker beyond the surface of the body, so that the load shall slide therefrom by gravity."

The general plan of supporting the dumping body upon curved arms, which rock upon a horizontal base, so that as the body is tilted there is a tendency to carry the whole of it sidewise and enable it to dump clear of the base, reveals an obviously useful idea; but Windsor was not the first to adopt this general plan. His invention, if there is any, consists only in refinements and improvements. Windsor thought he had made the broader invention to which we have referred, and expressed this thought in his first claim as filed, which was:

"The combination of a body, a rocker secured to said body and passing under the lower portion of the same, and a transverse way upon which said rocker may roll."

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Successive rejections in the Patent Office eventually led to injecting into the claim the limitations that the sides of the V body, when in its upright position, should be inside the other lateral limits of the vehicle, and that the rocker should have such a high degree of curvature and should project out away from the V sides of the body so far that when the V body was tipped over in dumping position the apex of the V should be lifted high enough to cause the contents of the body to slide out by gravity. It is plain, at least after our attention is called to it, that the extent to which this apex is swung up from the bottom, and therefore the extent of the tendency of the contents to slide out by gravity, will depend upon the shape and extent of the rocker. It was in effect conceded in the Patent Office—or, if not conceded, it is entirely clear—that proportioning the dump body so as to keep it, when upright, within the lateral limits of the vehicle, is a matter that cannot contribute patentability to an otherwise nonpatentable combination; and hence the second distinction and characteristic above noted indicates the decisive question. Did the addition of this element of construction to combinations otherwise existing or obvious create a new and patentable combination?

Windsor has developed the commercial use of his invention in connection with highway vehicles, like motor trucks and trailers; but his patent relates to dumping bodies without limitation, and dumping bodies for railway cars are within the fields of infringement and of prior art. From this conclusion, it follows that all the elements of his claim are old and have been associated in the same general relationship to bring the same general result. Such novelty as his structure has pertains to specific relationship and degree of result. It was old to make dumping bodies of V shape or with square bottoms or with curved bottoms; it was old to mount them on rockers, either at each end, in trunnion form, or underneath like a child's cradle; they were made low or high or narrow or wide as desired; tracks for the rockers had been provided of shape and length appropriate to the specific rocker used; the bodies had been arranged to dump from one side only or from either side, and to dump automatically when released, and to return automatically to vertical position when empty; and the rockers had been of different shapes and sizes.

Windsor desired to use a V-shaped body; he did not wish it to overhang the sides while the vehicle was in motion, and so he made it narrow. He desired that when it was tilted into dumping position the side edge which had become the lower edge should project laterally beyond the sides of the vehicle, and so he made the rockers with a sufficient degree of curve to insure lateral travel of the dumping body when tilted on the rockers. He wished the body to discharge its contents completely by gravity when it was tilted, and therefore made the rockers of such shape that the edge which had been the bottom of the V and which became the inner edge when tilted, should then be elevated well above the outer edge. He wished the body to dump automatically by gravity when the fastening was removed which held it against opposite tilting, and to return automatically to vertical position when the load was discharged, and there-

fore he so proportioned the parts that when the body was loaded the center of gravity would be above the rocking center, and when the vehicle was empty the two centers would have relatively reversed position.

The modifications and limitations found in the second claim are only descriptive of the shape and arrangement of the parts which produce these results, and in each instance the dependence of the result upon the shape and relationship of the parts had either been illustrated or pointed out in the older patents or was too obvious to have required statement or illustration. Nothing was involved, excepting elementary principles of mathematics and of familiar construction. We are satisfied that Windsor did not accomplish any new result in the sense in which that term is rightly used as indicative of invention. On the other hand, we think his adaptation of existing structures, in order to make a dumping body that, when applied to road vehicles, would be in some degree better than the old forms, was well within the limits of mechanical skill.

The specific thing most urged upon us as evidence of invention is that older structures, with underneath rockers, had the rocker at its central point farthest away from the dumping body, while Windsor made this the nearest point of approach; but this is merely the inevitable effect of using a V-shaped body sufficiently extended downward. Whether the V is sharp enough to produce the desired relation or is too obtuse for that purpose is of no substantial importance; and patentability cannot rest on an unimportant selection of form.

Though we should hesitate to describe Windsor's product, in strict nomenclature, as an aggregation, yet we think the rightfulness of our conclusion is illustrated by the latest expression of the Supreme Court in Grinnell Co. v. Johnson Co., 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196, filed June 10, 1918. See, also, Huebner Co. v. Mathews Co., 253 Fed. 435, —— C. C. A. ——, this day decided, and some of our own opinions cited therein.

The decree is affirmed.