### READ MFG. CO. v. HOBART MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 118.

PATENTS ⬷328—FOR CAKE MIXER VALID, BUT NOT INFRINGED.

The Read patent, No. 966,765, for a cake-mixing machine, *held* for a true combination, and valid, but not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Read Manufacturing Company against the Hobart Manufacturing Company, for infringement of letters patent No. 966,765. Decree for complainant, and defendant appeals. Reversed.

Alfred M. Allen, of Cincinnati, Ohio, Drury W. Cooper and Kerr, Page, Cooper & Hayward, all of New York City, and Allen & Allen, of Cincinnati, Ohio, for appellant.

Oscar W. Jeffrey, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. This suit is for an infringement of letters patent No. 966,765, granted to the appellee's assignor on August 9, 1910. The patent is for a mixing machine. Application therefor was filed on January 14, 1909. Claims 6 and 10 are said to be infringed and read as follows:

6. A cake dough mixing machine, comprising a standard, a bowl, a bowl support movably mounted thereon, a vertical screw engaging said bowl support for adjusting the position thereof, a beater, a main shaft, an auxiliary shaft parallel with the main shaft, speed changing gears interposed between the main shaft and the auxiliary shaft and a mechanism whereby the gears of one

---

⬷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shaft may be shifted and brought into and out of engagement with the gears of the other shaft to alter the speed of the beater.

10. In a dough mixer, a standard, a bowl, a bowl support movably mounted thereon, a vertical screw engaging said bowl support for adjusting the position thereof, a beater adapted to operate within the bowl, means for rotating the beater upon its axis and moving the same in a circular path in said bowl, a main drive shaft, an auxiliary shaft arranged parallel to the main shaft, complementary speed change gears mounted on the main auxiliary shafts, and means for selectively combining said gears in operative relation.

In his specifications, the inventor says:

The present invention relates to a cake-mixing machine, and particularly to cake-mixing machines of relatively large size and of that type adapted to be operated by power.

The object of the present invention is to improve the mechanical construction of such cake-mixing machines, and in particular to provide an efficient and effectively disposed mechanism for operating the beater, a mechanism for changing the speed of rotation of the beater in mixing batches of material of varying consistency, a mechanism whereby the machine is stopped when it is desired to change the speed, and in means for moving the bowl into and out of engagement with the beater.

The various features of novelty which characterize my invention are pointed out with particularity in the claims annexed to and forming a part of this specification.

And further in his specification he says:

The construction illustrated and described possesses advantageous features. Among the parts may be mentioned the ease with which the parts may be constructed and assembled and thereafter adjusted, and the compactness and simplicity of the cake mixer as a whole. In a cake mixer of this type it is desirable, not only that the speed should vary in order to facilitate the working of batches of goods of greater or less consistency, but also as a means of gradually furthering the process of aeration of certain kinds of goods required to be exceedingly light and spongy.

The patent in suit has been heretofore considered and held valid and infringed. Read Mach. Co. v. Jaburg (D. C.) 212 Fed. 951, affirmed 218 Fed. 989, 133 C. C. A. 672; Id. (D. C.) 221 Fed. 662, affirmed 223 Fed. 1022, 138 C. C. A. 659.

The defense interposed in this action contends:

First. That giving due respect and consideration to such decisions, the claims cannot be considered more broadly than in the former litigation and cannot include the appellant's construction, and are invalid and void for aggregation and noninvention; and

Second. That a proper construction of the claims, having due regard for the former decisions, are so limited that they are not infringed by the appellant's construction.

The appellee's invention has given a practical advantage to the art and trade, that is to say, in the saving of labor, cleanliness, and expedition, economy in materials; also its adaptability for use with mixtures of varying consistencies as used in bake shops. It was held in the decision heretofore referred to that the patent was a combination of generically old elements; that, under the well-established doctrine, the parts or elements were so arranged as to unite in producing a novel and useful result; and that the combination, as a whole, was patentable. The court further held that the machine of the defendant

there (Jaburg) operated as did the appellee's machine; that is to say, that "when the operator turns the handle, the path of the power from the flywheel to the beater is broken, and the power is interrupted for the instant required to change the speed"; and, further, that "the machine is not stopped for part of it is still in motion, although there is an interruption of the operation of the beater, very slight, and apparently of little consequence in the performance of the work."

Patents of the prior art were submitted in the previous litigation as a defense, and were considered in Read Mach. Co. v. Jaburg (D. C.) 221 Fed. 662, and there it was pronounced that the appellee's claims were entitled to a liberal range of equivalents, and that the patent was not anticipated. In this litigation, the same prior art has been introduced as in Read v. Jaburg (D. C.) 221 Fed. 662; but counsel for the appellant very earnestly argues that, reconsidering the patents of the prior art as applying to the appellant's construction, the elements constitute an aggregation, and not a combination, and are not patentable. We are satisfied to adhere to the conclusions of this court heretofore reached in Read Mach. Co. v. Jaburg, supra, in sustaining the appellee's contention that the elements used in the Read machine are a combination of elements and not an aggregation of elements, and that none of the patents of the prior art here invoked by the appellants can be said to anticipate the patent in suit. We agree that the combination of the elements, as proven, is an extremely valuable contribution to this art; that it saves labor, economizes material, protects the operator, and produces a clean, sanitary machine. It has achieved a great success, and has commanded a large sale.

We find nothing in the decision of Grinnell Washing Mfg. Co. v. Johnson Co., 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196, which would require a different result than that reached by this court heretofore. As was said by the court there, it is not always easy to decide the question of aggregation or combination; but the court recognized the rule which is a guide to such determination when it said:

"Generally speaking, a combination of old elements, in order to be patentable, must produce by their joint action a novel and useful result, or an old result in a more advantageous way. To arrive at the distinction between combinations and aggregations, definite reference must be had to the decisions of this court."

The Supreme Court decisions point out that the result must be the product of the combination, and not a mere aggregation of several results, each the complete product of one of the combined elements. It is the production of something novel, after bringing together the old devices and allowing them to work in juxtaposition, which makes for the invention. Bringing together old devices, without producing a new and useful result, the joint product of the elements of the combination, and nothing more than an aggregation of old results, cannot acquire the right to prevent others from using the same devices, either singly or in other combinations. Likewise, one cannot prevent others from using the same devices, either singly or in combination, if one of the elements of the combination be omitted. Grinnell v. Johnson, 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196.

The elements of the combination of the patent in suit comprise three instrumentalities which concededly were in prior use. The first element is the bowl mounting and moving mechanism, consisting of the bowl support movable thereon and a vertical screw engaging said bowl support for adjusting the position thereof. The second element is the planetary movement mechanism, consisting of a beater adapted to operate with the bowl, means for rotating the beater upon its axis and moving the same in a circular path inside the bowl, a main drive shaft, an auxiliary shaft arranged parallel to the main shaft, and, third, a change speed mechanism, consisting of primary speed change gears mounted on the main and auxiliary shafts and means for selectively combining said gears in operative relation.

The appellant's construction consists of three elements, which we do not think disclose the same group of instrumentalities as called for in the claims of the appellee's patent. The appellant has, first, a means for raising and lowering the bowl; second, means for changing the speed of the beater shaft; and, third, means for obtaining a planetary movement for the beaters. The appellee's patent is valid, because the machine obtains its result by the joint action which is attained by the vertical screw lift, when employed with the clash gear change of speed mechanism. This is the conclusion the court arrived at in the Jaburg litigation, supra. In order to sustain the appellee's patent, the combination of elements should be restricted to these limitations. If a mixing machine employs a vertical screw lift, it is employed merely for lifting, and not for some particular joint benefit to be obtained with the clash gear type of change of speed, and if such machine employs the other and well-known change speed device which operates in the old way, without any joint result attained because a vertical screw lift is employed, then there is no infringement.

In the appellant's bowl-lifting mechanism, a change of speed mechanism, and a planetary movement for the beater is present. The bowl-lifting mechanism comprises the bowl support, provided with an extension sliding in a slot in the framework upon which is secured a vertical gear rack. This is engaged by a spur wheel mounted on a transverse shaft journaled in the hollow standard or frame of the machine, and this shaft carries a worm wheel which is engaged by a worm on a shaft mounted at right angles thereto and projecting through the casing, provided with a hand wheel. The spur gear is driven by a worm and worm wheel, the characteristic of which is that, whenever an adjustment may be given by the vertical support by turning the hand wheel, when the hand wheel is released, the worm and worm wheel lock, so as to hold the bowl in the desired position. The bowl-lifting means does not differ materially from the vertical screw construction, and therefore is not different from that provided for by the appellee's construction. There is, however, a difference in the speed-changing device, for there is a different construction from the clash gear type of change of speed device.

The patent in suit specifically calls for the gear type in its claims. In the appellant's construction there is the driving and the driven shafts, but no intermediate shaft, and instead of providing a constant running

idler gear, which may be lifted out of mesh with one gear on the driving shaft and dropped into mesh by a radial movement with another gear, there are on the driving shaft three different sized gears secured thereon, and on the driven shaft three different sized gears arranged in opposite order, and two of these three gears are adapted to slide axially on the driven shaft, and are brought into and out of engagement with the selected gear on the driving shaft by a lateral engagement of the teeth; also, there is a clutch which is employed in appellant's construction. With this sliding gear type of change of speed, if the driving shaft is running so fast that the gears that are fixed to it are rotating at a high rate of speed, and if the driven shaft is at rest, it is evident that a gear on the driven shaft at rest could not be brought into lateral meshing engagement with the gear on the driving shaft running at high speed. It would not be practical to slide the largest gear on the driven shaft on account of interference with the medium sized fixed gear on the driving shaft, for only two of the gears on the driven shaft are arranged to slide axially, and the large gear runs loosely on the driven shaft, and there is a clutch upon the adjacent faces of the large and medium gear so that this clutch can be brought into engagement and the large gear will then drive the driven shaft through the sliding gears which are keyed to the driven shaft and which gears are also united together. In this construction of the sliding gear type, when one of the sliding gears is slid out of mesh with a gear on the driving shaft, it does not itself slide into mesh with the other gear on the driving shaft to change the speed; but the other gear on the driving shaft makes a new connection, and one of the changes of speed is obtained by an intercugagement of contiguous clutch faces between two of the gears on the driven shaft.

In the appellee's construction, because of the selection of the clash gear type in connection with the use of a vertical screw for raising the bowl, the bowl may be raised by operating the screw with one hand and, as it is raised, the operator can, with the other hand, without stopping the running of the driving shaft, shift the gears by raising the gear box and dropping the intermeshing gear into engagement with a different gear on the driven shaft. The appellee's device provides for a slow, powerful, self-locking mechanism for raising the bowl, and a simple, cheap, speedy, and fool-proof mechanism for changing the speed with a single lever, by means of which the speed-changing gears can be rocked and moved to a new position and dropped into mesh with a single throw of the hand lever, without stopping or in any way controlling the rotation of the main driving shaft. The position of the bowl and the change of speed of the beaters is obtained in two operations, and both movements are under the immediate control of the operator. This joint co-operation between the bowl-lifting mechanism and the change of speed device is what gives the new, novel, and useful result to the appellee's construction.

While the appellant's device provides for a bowl-lifting mechanism and a change of speed mechanism, there is no joint co-operative result obtained, and the results obtained by the appellee cannot be realized with the appellant's mechanism. In operating the appellant's device,

the operator cannot stand with one hand on the hand wheel for raising the bowl, and with the other hand on the lever for shifting the gear box, gradually lift the bowl, and at the same time change the speed; and the same results cannot be realized with the appellant's mechanism.

We are satisfied that the new result obtained by the patent in suit was attained, not only by the use of a powerful, slow-moving, and self-locking bowl-raising mechanism in combination with any of the old and familiar speed-changing devices, but only in combination with the particular speed-changing mechanism, which could be manipulated readily, speedily, and easily with one hand with a single movement, so as to bring both the change of speed of the beaters and the position of the bowl simultaneously within the control of the operator.

With the appellant's machine, the operator cannot stand with his hand on the lifting machine and feed the bowl up gradually, and, as a higher speed is called for, with one movement of a handle in front shift the gear box into another position to attain a higher speed. The bowl-lifting mechanism does not co-operate with the gear shifting devices, so that a single result is attainable. The operator of appellant's machine would have to drop the lifting handle, move to the clutch lever on the side of the machine and, operating that lever, he must disengage the driving shaft and stop the machine. He operates the crank which shifts the speed changing gears at the same time retaining his grasp of the clutch lever to obtain alignment of the gears if they should not intermesh with the first attempt to shift them laterally into engagement. In appellant's machine, having lifted the bowl with the mechanism employed, the operator leaves such mechanism and gives an undivided attention and allegiance to the clutch lever and the gear shifting device to attain the speed desired for the beaters. Thus, there is no co-operative action between the two mechanisms. The gear shift is obtained entirely independent of the bowl lift and thus the operator cannot operate one with one hand and, without changing his position, actuate the other. It is, therefore, of no importance that there is a similarity of bowl-lifting mechanism, since it has no relation to the gear shift.

We think the result of the use of the elements in appellant's construction does not infringe what the appellee has invented, namely, the joint and co-operative action of the elements used in combination in its construction. To hold infringement here would be adding, beyond the bounds of reasonable limitations, the equivalents never contemplated by the court in the previous litigation. The appellant's automobile sliding-gear type of change of speed device cannot be said to be the full equivalent of the clash gear construction. They are not operated in the same way, and we therefore conclude that the appellant's device does not infringe appellee's device.

Decree reversed.