## WAPPLER ELECTRIC CO., Inc., v. BRONX HOSPITAL AND DISPENSARY.

District Court, S. D. New York. October 3, 1928.

Walton Harrison, of New York City, for plaintiff.

Briesen & Schrenk, of New York City (C. W. Miles, of Cincinnati, Ohio, of counsel), for defendant.

HUTCHESON, District Judge. This suit was originally brought on four patents. By a stipulation reached before announcement for trial, the cause was discontinued as to three of the patents without prejudice, and the trial went on as to the patent to R. H. Wappler, No. 1,371,404, and on claims 4 and 5 thereof. Because, as stated by the plaintiff, the suit was based upon the use of a single machine, for which any damage recoverable would be small, an accounting was waived.

Counsel appearing for the defendant stated in open court and on the record that they were actually appearing at the request of, and in the interest of, the manufacturer of the device, and that, though the manufacturer was not a formal party to the suit, they appeared in this suit for the manufacturer, the Kellikoett Manufacturing Company, which had assumed the burden of the defense, and was in actual charge and control of it.

Claim 4 of the patent, which is typical of the two claims in suit, is as follows:

"The combination of a receptacle, a body of insulating material contained therein, a transformer located within said receptacle and enveloped within said body of insulating material, a flat cover for said receptacle, a synchronous motor mounted upon said cover and provided with a shaft extending laterally therefrom, a rectifying disk mounted upon the end of said shaft and located parallel with said flat cover, posts carried by said cover, and distributed about said motor, terminals mounted upon said posts, contact sectors carried by said rectifying disk and coacting with said contact member mounted upon said posts."

While the essential results which plaintiff claims the patent contributed to the art as developed in the evidence are substantially stated on page 1 of the patent, lines 25 to 37, inclusive, as follows:

"I. To enable some particular portion of the transformer casing, preferably the cover, to serve as a base for both the synchronous motor and the rectifying switch.

"II. To give the rectifying switch such form and arrangement that it may be built around the motor, thus promoting compactness.

"III. To so group the various parts as to promote simplicity, compactness, accessibility and low cost of production in the machine as a whole."

Defendant counters upon plaintiff with the proposition that, granting that plaintiff has achieved all of the results claimed, none

of them indicate invention, being merely the result of a rearrangement of separate parts, and not a combination exhibiting a new function. It further meets plaintiff's suit with the claim that, if plaintiff has a patent, it must be construed narrowly as described by it; that defendant's device is different from plaintiff's in two particulars: (1) That its motor rests, not upon the cover, but upon a bridge especially designed to sustain the motor; and (2) that plaintiff's device uses contact members, to wit, brushes, and defendant uses none, but relies for the electrical function upon jump spark or air space terminals, and therefore there can be no finding of infringement.

If plaintiff's patent is valid, I believe it is infringed. Defendant's so-called "bridge" is in fact and in effect but a part of the cover, and it is too transparent an attempt at evasion to succeed. Nor does its second defense of noninfringment fare any better, since in my opinion the patent claims do not call for physical contact members, but are as well satisfied by jump spark or air space terminals.

But upon the matter of the patent's validity I think the case stands otherwise, and in defendant's favor, as a brief review of the record will I think demonstrate. Plaintiff, realizing the tenuousness of his claim to patentable invention, if the results achieved by him could be stated completely in terms of a rearrangement or repositioning of the physical members, performing no different function than in their old position (Meade Morrison Mfg. Co. v. Exeter [D. C.] 215 F. 731), offered to prove by the testimony of a single witness that there was a functional advance in this repositioning, due to the fact that the arrangement of the members in the form shown in the patent had resulted in mounting the motor in a balanced electrical field, and that in so doing the inventor had overcome a difficulty in the way of compactness of arrangement which the electrical art had theretofore thought insuperable.

Not only does the patent in suit fail to mention, disclose or suggest the existence of any such balanced field, or to claim any benefits flowing from its establishment, but the evidence of all the other witnesses clearly and emphatically refutes this testimony, establishing that the motor is by this positioning introduced into a field of electrical strain perhaps more intense than in the earlier types of horizontal apparatus, while the patent itself and the evidence of the witnesses show that the motor, in this as in other devices is protected, not by being introduced into a balanced field, but by ground wires.

It is my opinion that the patent must stand for its validity upon the question whether the compactness and neatness of arrangement undoubtedly achieved by Wappler in the device described in his patent can be said to be the result of patentable invention, and I think it entirely plain that the answer must be in the negative. In addition, I think the validity of the patent must be denied upon the ground that whether, in any event, there might be patentable invention in securing compactness, it must be denied here, because such compactness as had been achieved is the result of a mere aggregation of elements into a new position, without any new function resulting therefrom. Grinnell Washing Machine Co. v. Johnson Co., 247 U. S. 426, 38 S. Ct. 547, 62 L. Ed. 1196.

From this finding that plaintiff's patent is invalid, it results that a decree should be entered against him, dismissing his bill, with costs.