### KARRON v. KARRON et al.
### No. 437.

Circuit Court of Appeals, Second Circuit.
Aug. 24, 1933.

C. P. Goepel and E. C. Root, both of New York City, for appellant.

O. E. Edwards and Julian S. Wooster, both of New York City, for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff claims infringement of patent No. 1,568,739, for a machine for produc-

ing frame parts, issued to him on January 5, 1926. He relies only on claim 4, which is quoted: "4. In a machine of the character described, stationary and movable die members for cutting integrally connected ears in a sheet metal strip, means movable with the movable cutting die for cutting said strip between integral ears previously formed therein to sever a section from said strip having an ear at each end thereof, and means for transversely bending said severed section of the strip between the ears thereof into channel shaped cross-sectional form."

The District Court held that the claim was infringed; doubted that there was any invention in the patent; and dismissed the bill because, if there were any invention, it was found that one of the defendants rather than the plaintiff was the inventor.

The machine consists of a press on which is placed at suitable intervals male and female dies so shaped that a blank strip of metal fed into the machine at one end is stamped, cut, and moulded in channel form with eyes to make the frame parts of ladies hand bags and like articles requiring such frames. The machine is operated by a foot pedal and gains what utility it has beyond former machines on which the same work was done by combining the operations so that one movement of the pedal, after the strip has been fed fully into the machine, will suffice to form the eyes; sever eyes previously formed; and mould the channel shaped portion. It has a guard which is said to make it safer for the operator than presses formerly used by reducing the danger of injuring his fingers between die parts.

The defendants' machine operates in the same way but, instead of leaving the eye ends connected at the eyes after the first operation, has the die so shaped that the eyes are completely cut apart with a slight space left between them while the strip remains integral to facilitate further movement into the machine by having a portion of the metal at one side of the eyes unsevered. At the next operation this portion is cut, while on the plaintiff's machine the cutting tool severs the strip directly at the eyes. If we were persuaded that the patent was valid, we would agree with the court below that infringement had been shown.

■■ On the question of validity, there is no escape from the fact that the entire operation is by means of dies and cutters. Putting dies in a press with or without cutters to sever the material to be shaped is very old. Shaping a die to form a simple product as desired is clearly within the skill of the die maker's call-

ing and is not itself invention. Anderson & Writer v. Hanky (C. C. A.) 40 F.(2d) 196; Butler v. Steckel, 137 U. S. 21, 11 S. Ct. 25, 34 L. Ed. 582. Feeding continuously from operation to operation a metal strip into a machine designed to punch out floor clips is shown in the patent to Anderson No. 1,529,-387 which was applied for October 26, 1922, and issued March 10, 1925; continuous feeding is also shown by Morrison in his patent for a machine for making belt hooks which was issued October 14, 1924, on an application filed March 18, 1922. And previously on May 13, 1919, patent No. 1,303,520 for a press mechanism was issued to Swaidnark which disclosed this feature fully. All else, there is in the machine of this patent is merely an arrangement of suitably shaped dies which work in separate operations, and in such separate operations have nothing in common except a continuous metal strip to work on and the same press to work in. Were it invention to put together this machine, the addition of a simple die, as for instance to stamp a number or other distinguishing mark on the metal at the same operation of the foot pedal would be also. We cannot be committed to the theory that mere addition of another die from time to time up to the operable limits of a single foot press would furnish the subject-matter of a new patent.

Regardless of the evidence as to prior use by the defendants, we are convinced that the decree should be affirmed on the ground that no invention was disclosed. Grinnell Washing Mach. Co. v. Johnson Co., 247 U. S. 426, 38 S. Ct. 547, 62 L. Ed. 1196.

Decree affirmed.