## In re HODLER.

### Patent Appeal No. 3339.

Court of Customs and Patent Appeals.
Dec. 3, 1934.

Steward & McKay, of New York City (Roy F. Steward and Clarence O. McKay, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Five claims of appellant's application for a patent relating to a machine for producing copying paper were rejected by the Primary Examiner of the United States Patent Office. The Board of Appeals affirmed the decision of the examiner and from such decision of the board, appeal is taken here.

Claims 1 and 4 are illustrative and follow:

"1. Machine for producing copying paper, comprising a container for the normally solid copying ink containing substance, heating means for said container, a patterned coating roller for applying the liquefied ink to definite separate areas of a piece of paper, means for transferring the liquefied ink from said container to the 'printing' portions on said coating roller, and means for revolving said coating roller at the same surface speed as the paper."

"4. A device for producing from a continuous web of paper printed blank forms having copying portions, comprising in combination with the printing rollers of a rotary printing press, a patterned coating roller for applying to definite separate areas of the printed paper a normally solid copying ink, a container for the copying ink containing substance, heating means for liquefying the substance in said container, a dipping roller projecting into said container, a rotatable roller cooperating with said dipping roller for transferring the liquefied ink to the 'printing' portions of said coating roller, means for heating said coating roller, an abutment roller cooperating therewith, and means for rotating said coating roller at the same surface speed as said moving paper."

The examiner's rejection was based upon the following references:

Lewis et al., 77,896, May 12, 1868.

Latta, 1,476,988, December 11, 1923.

Heidenheimer, Brit. 225,128, November 27, 1924.

The Board of Appeals, in affirming the decision of the examiner, relied upon the references cited by the examiner and also rejected claims 4 and 5, which relate to the simultaneous printing and coating on paper, on the ground that they show nothing more than an aggregation, or "bringing together of known instrumentalities for effecting known functions."

The machine is aptly described by the Board as follows: "The claims on appeal relate to a machine for producing copying paper of a type wherein copying ink is supplied to selected areas of the rear surface. The ink used is of a type requiring heat to facilitate application to the paper. Application to the paper is effected through what amounts to a printing operation, the selected areas being coated by what may be termed a printing roller having portions of its surface so dis-

posed as to constitute printing elements. Provision is made for driving this printing roller at the same surface speed as the paper being printed or coated as is customary in printing operations wherein cylindrical printing plate is used. Appellant adds his coating mechanism to an ordinary printing press so that the paper may have its front surface provided with any desired data and marking in the same operation in which selected areas of the rear surface are coated. The machine may also be provided with perforating mechanism for weakening the paper at desired points. Associated with the coating mechanism is a transfer roller by which properly treated ink is supplied to the printing surfaces of the coating roller. This transfer roller in turn is supplied from a second roller which dips into a trough containing the heated ink."

In discussing the references and their applicability to the rejected claims on appeal here, the board said:

"The patents to Latta and Heidenheimer show coating mechanism for supplying a carbon coating to transfer paper but neither of these patents utilizes a printing roller for the purpose of supplying the coating. In Latta the ink supplied is of the same character as used by appellant but the applying roller is caused to rotate in a direction opposite that taken by the paper to be coated so that the action of the roller is a wiping action rather than a printing action. In Heidenheimer the applying roller and the paper to be coated may move at the same peripheral speed but no provision is made for insuring such a movement.

"The patent to Lewis et al. discloses a printing press of the type wherein the design to be printed is carried by a cylindrical roll which in turn is supplied with ink from a heated bath through a rotatable applying roller. In Lewis et al. the raised portions of the printing roller are carefully wiped subsequent to the application of ink to the roller so that printing is effected by such ink only as is carried by the depressed portions of the roller. While Lewis et al. print from depressed portions of a printing roller, it is a matter of common knowledge that most printing is effected by causing elevated portions of the printing roller to come into contact with the sheet, moving at the same peripheral speed as the roller. We see nothing inventive in applying a special printed design to paper stock by this well-known printing process. Special problems as are involved in appellant's printing process, such as the conditioning of the ink and the transferring of the same to the coating roller, are deemed to be taught by the Latta and Heidenheimer patents cited by the examiner.

"Claims which involve the application of appellant's coating apparatus to an ordinary printing press, in order that printing and coating may be simultaneously effected, are in the nature of aggregations and clearly involve nothing more than the bringing together of known instrumentalities for effecting known functions."

Appellant has emphasized here the fact that his claims limit the invention to a "machine for producing copying paper" or a "devise for producing from a continuous web of paper printed blank forms having copying portions"; that his disclosure differs from that of the reference Lewis et al., in that his alleged invention relates to the use of a "normally solid copying ink" which is not a feature of the said reference; that the printing roller and the paper web in his structure must move at the same surface speed; and that if they did not move at the same surface speed a blurring would result. Appellant has also argued here at considerable length that the board was in error in the second ground of its rejection of claims 4 and 5, which relate to the simultaneous use of the printing apparatus and the copying apparatus. Appellant urges that in order that the coating may be placed on the exact and proper portion of the printed paper desired, it is necessary to connect the printing and coating machines in the manner described in his application, and that the machines may be so set that as the web comes from the printing press, it will be in the exact position for receiving the coating; that by reason of the co-operative relation of the two machines, both of which are driven at the same surface speed, an exact and precise result can be obtained which is new and useful; and that, therefore, neither claim 4 nor 5 is subject to the objection of being aggregative.

As to the first argument made by appellant, the examiner, citing In re Alfred W. Abrahamsen, 56 F.(2d) 871, 19 C. C. P. A. (Patents) 1056, held that the preamble of a claim could not impart patentability thereto.

As to the second contention, the examiner held that the appealed claims were apparatus claims, and that no weight could be ascribed to the particular coating material employed for the reasons given in Re William Jonse Hughes, 49 F.(2d) 478, 18 C. C. P. A. (Patents) 1292, and In re George E. Molyneaux, 35 F.(2d) 68, 17 C. C. P. A. (Patents) 573.

As to the third contention with reference to the recitation that the printed roller and the paper web must move at the same surface speed, the examiner held that this did not afford ground for carrying the claim over the reference Lewis et al., since if they did not run at the same speed, it would be obvious that blurring would result.

As to the fourth contention of appellant, the board held that claims 4 and 5 were rejected on the ground that the printing and coating features are in the nature of aggregations. The examiner did not reject claims 4 and 5 on the ground of aggregation, but rejected them, along with the other claims, first upon Lewis et al., holding that the claims presented nothing patentable over that reference. He also finally rejected all of the claims on Heidenheimer in view of Latta.

With reference to claims 1, 2, and 3, we agree with the tribunals below that the patent to Lewis et al. is a disclosure of all inventive features of appellant's application except that which is disclosed by Latta and Heidenheimer. These features in each of the references are hereinbefore mentioned.

As to claims 4 and 5 which were rejected by the board on the ground of aggregation, it is our view that this rejection was correct for the reason that the combining of the printing machine and the coating machine was not a "vital union" such as is referred to in Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749, since no new, useful, and unobvious result flows from such combination other than that which is inherent in each of the combined articles. In other words, there is no interaction between the two machines brought about by their combination which produces such a new and useful result as to bring such combination within the realm of invention. See Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U. S. 426, 38 S. Ct. 547, 62 L. Ed. 1196; Durham v. Seymour, 6 App. D. C. 78; In re Germantown Trust Co., Executor, 57 F.(2d) 365, 19 C. C. P. A. (Patents) 1140; In re Ernest G. Dann, 47 F.(2d) 356, 18 C. C. P. A. (Patents) 1031. There is little doubt that time might be saved by the combination of the two machines inasmuch as one machine would act as a feeder to the other. But, we think, these results are obvious to the skilled mechanic.

We are not impressed with the contention of appellant with reference to the distinction in his claims relating to the "normally solid copying ink" material. It is true that the reference Lewis et al. does not show a heating means designed to receive and liquefy a normally solid copying ink material. Lewis et al. does show an ink tank heated by a gas burner from which is obtained the ink for printing. Latta has a melting pot surrounded by a steam jacket, and the carbonizing material used in his machine is applied by a coating roller which is also kept hot. The British patent to Heidenheimer, which relates to a device for producing distinction marks on inked sheets, inked ribbons, etc., which designate the origin of the article, shows that the ink is taken by a roller from a trough and is transferred to the printing roller.

It has been frequently held that one cannot have a patent for a combination of a device and the material upon which the device works. In re William Jonse Hughes, supra; In re George E. Molyneaux, supra; In re Jesse A. B. Smith, 36 F.(2d) 302, 17 C. C. P. A. (Patents) 644.

We are also of the opinion that the feature of the claims relating to the printing roller and the paper web moving at the same surface speed does not lend patentability to the claims, since it would seem to be obvious that a different rate of speed would result in a blurring.

In the very elaborate brief presented by appellant, among many other points raised, he contends that it is not proper to use the Lewis et al. reference as the principal reference against the allowance of the claims for the reason that the Lewis et al. reference related to printing and that as to some of the claims at bar rejected upon Lewis et al., and the other references, the claims are strictly limited to a machine for producing copying paper. Appellant argues that a kind of ink is required for producing copying paper different from that required in printing, and that, necessarily, a different instrumentality for handling the ink is required.

While there may be a difference in the machinery required to handle the different kinds of ink, we cannot see any inventive distinction between appellant's device and the device in Lewis et al. in respect to the claims involved here, and the fact that Lewis et al. prints from depressed portions of a printing roller, while appellant's coats are applied by the use of raised portions of the roller, does not suggest invention. It is stated by the Board of Appeals that it is "common knowledge that most printing is effected by causing elevated portions of the printing roller to come into contact with the sheet, moving at the same peripheral speed as the roller." We cannot see, therefore, why a special conditioning of the ink, which is taught in Latta and

Heidenheimer, or using the raised portion of a roller instead of the depressed portion of the same, would make appellant's disclosure inventive over Lewis et al.

We conclude that there was no error in the decision of the Board of Appeals, affirming that of the examiner in rejecting the claims of the application, and the decision of the board is affirmed.

Affirmed.