## BENJAMIN ELECTRIC MFG. CO. v. BRIGHT LIGHT REFLECTOR CO., Inc., et al.
### No. 15903.

District Court, N. D. Illinois, E. D.
July 25, 1939.

Ames, Thiess, Olson & Mecklenburger, of Chicago, Ill., for plaintiff.

Henry J. & Charles Aaron, of Chicago, Ill. (Emanuel R. Posnack, of New York City, of counsel), for defendants.

WILKERSON, District Judge.

Plaintiff, as assignee of the Benjamin Patent 1,787,032, and the Phillips Patent 1,834,318, charges infringement of these patents, and unfair competition. The defendants have raised the usual defenses of invalidity of the patents and noninfringement and in addition they deny any acts of unfair competition.

The Benjamin patent is a combination patent for an electric lighting fixture. It may be compared to an ordinary electric lamp socket which may be inserted, screwed, or plugged into a wall connection. The patented combination is in two parts, an upper or ceiling unit, and a lower or socket unit. The upper unit consists of an inverted cup-shaped housing which is to be attached or set into the ceiling. It contains a wiring base and a connector member for connection with the lower unit. The wiring base has electrical terminals and readily engagable and disengagable electrical contacts. To insure contact of the electrical parts of the upper unit with those of the lower unit, a coil spring is placed above the wiring base to force it downward. Riveted to the housing portion of the upper unit is a threaded connector, to which the lower unit is attached by screwing or rotating the reflector member thereof.

The lower unit of this lighting fixture consists of a reflector or light controlling member, which also serves as the housing for the lower unit. This unit also has a threaded connector which is non-rotatable with respect to the other parts of the unit. It also has a lamp socket with lamp contacts and with readily engagable and dis-

engagable electrical contacts for engagement with the electrical contacts in the upper unit. The electrical contacts or parts in both the lower and upper units are not electrically connected with the mechanical connector members. However, when the reflector is screwed in or rotated, in order to attach the lower unit to the upper unit, contact between the electrical contacts of both units simultaneously results.

Ease of detachability of the lower portion of the fixture from the upper unit is very helpful in cleaning lighting fixtures, and greatly decreases dangers of injury to workmen, goods, and machinery.

The Phillips patent is also a combination patent. It represents an improvement over Benjamin. The same basic features are present. Phillips, however, uses as a connector member a bayonet joint connection in place of the threaded screw-shell connector found in Benjamin.

It may be noted that the claims of the Benjamin patent do not limit that device to threaded screw-shell connectors, but are in fact broad enough to cover the bayonet joint connection found in Phillips. While the Benjamin patent might therefore be held to be an anticipation of Phillips, I find it unnecessary to pass upon that question. If the Benjamin patent is invalid, the Phillips patent, which embodies almost identical elements, is also invalid.

In my opinion both the Benjamin and Phillips patents are invalid in that they represent mere aggregations, and even if they could be held to constitute combinations, such combinations are the result of mechanical skill rather then inventive genius.

Plaintiff concedes that every element in both patents is old, but contends that these patents represent the first combination of these elements in the manner in which they are disclosed in plaintiff's patents.

A number of prior art patents have been discussed by the parties. I have considered those patents, but in view of the conclusions above stated I find it unnecessary to discuss the prior art.

A combination of old elements, each performing the same functions which it has theretofore performed, does not constitute invention. Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008. The question here presented, therefore, is whether any of those old elements in plaintiff's patents performs a function other

than it has performed in the prior art. A brief consideration of the purpose of the Benjamin patent shows that the only elements which could in any way be considered as performing new functions are those used to connect the upper and lower units. Before the Benjamin device, in order to clean industrial lighting fixtures it was necessary for a workman to stand on a ladder while washing the fixture, or to remove the lamp and the fixture by separate operations and then take them down to the floor to be cleaned. Benjamin made disconnection of the lower unit easier and facilitated the cleaning process. He did this by use of a mechanical connector and by readily engagable and disengagable electrical contacts.

A finding that the Benjamin device is a patentable combination would be based upon the fact that the action of the mechanical connector in securing the lower unit to the upper unit simultaneously results in the establishment of contact between the electrical contacts found in both the upper and lower units. In other words, the mechanical connector serves a dual function. This does not seem to me to be a new use of a mechanical connector. Any ordinary electric light bulb has a mechanical screw-threaded connector which not only secures the bulb to the socket but also effects the electrical connection.

Plaintiff suggests as a distinction between lighting fixtures and ordinary sockets, that a lighting fixture makes use of a light controlling member, that is to say, a reflector. This in my opinion is insufficient to establish a distinction. The essential fact is that the connector element performs the same two functions in both devices.

In Grinnell Washing Machine Co. v. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196, the patentee had produced a gearing device which enabled a washing machine to perform the washing and the wringing operation simultaneously, and a control handle which permitted the wringer rolls to be stopped instantly or to be reversed. The elements of the patent were all old. The Supreme Court found no new function from this combination, and held that the new result, so far as one was achieved, was only that which arose from the well known operation of each one of the elements. It concluded that although the patentee may have produced a more convenient and economical mechanism, his

device represented merely an aggregation of old elements which did not entitle him to a patent.

In the case at bar the operation of the mechanical connection and the electrical contacts of two units are independent of each other, even though their action is simultaneous. Every claim of the Benjamin patent stresses the fact that the connector members are distinct from and not electrically connected with the contact members.

In the cases of Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 480, 55 S.Ct. 455, 79 L.Ed. 1005, and Toledo Pressed Steel Co. v. Standard Parts, 59 S.Ct. 897, 83 L.Ed. 1334, marked utility was present. But the Supreme Court held that the device there involved did not constitute patentable combinations.

In the Altoona case, a flywheel was combined with an apparatus for reproducing sound, so that greater precision of movement and accuracy in the recording media of talking pictures was obtained. Despite the manifest utility of the combination, the Supreme Court held that the flywheel performed its old function, and that the combination was lacking in invention.

In the Toledo Pressed Steel case, the use of an inverted metal cup-like cap with holes, to protect from the wind or rain the flames of torches used out of doors, was held to represent an aggregation as distinguished from a patentable combination, because no element performed any function other than it had been previously known to perform.

I find that the Benjamin device is an aggregation and not a patentable combination.

Even if it could be said that this patent discloses a combination rather than an aggregation, I would still be compelled to hold it invalid on the ground that in my opinion it lacks invention. As heretofore noted, this device merely is strikingly similar to an ordinary electric lamp socket arrangement. The insulation of the mechanical connector from the electrical contacts, with the idea of attaching a light controlling member to the mechanical connector member, seems to me to involve merely mechanical skill. Insulation has long been known to skilled mechanics. Here the mechanical connector has been insulated from the electrical contacts and the reflector has been attached to the mechanical connector member. I find that the

Benjamin patent and consequently the Phillips patent are invalid because they constitute aggregations and at most represent merely the exercise of mechanical skill.

The charge of unfair competition is that the defendants' catalog (Ptf's. Ex. 4) describes defendants' device in terms markedly similar to those used by the plaintiff, and also in that the defendants' trade mark "Speedlox" is similar to plaintiff's trade mark "Turnlox".

I am of the opinion that this charge cannot prevail. The catalog is very plainly marked as that of the defendants. This militates against the possibility of palming off of defendants' goods as that of the plaintiff. Nor can I find any misappropriation of the plaintiff's property by the use of the description mentioned, inasmuch as it relates almost wholly to functional parts of the device.

The trade mark "Speedlox" only appears in defendants' catalog. It does not appear upon any of defendants' devices. This negatives any palming off or any misappropriation with respect to the trade mark. Furthermore, the trade mark is one of many similar descriptive names, such as "Turnlok", "Loxon", "Twistlock", "Turntite", etc. (Deft's. Exs. P, S, T, U), and as such is not actionable. See Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U.S. 446, 453, 31 S.Ct. 456, 55 L.Ed. 536.

I find that unfair competition has not been established.

The bill will therefore be dismissed.