## CUSANO v. KOTLER.
### Civ. A. No. 3131.

District Court, D. New Jersey.
March 19, 1946.

Samuel J. Davidson, of Hoboken, N. J. (Luther W. Hawley and Philip S. McLean, both of New York City, of counsel), for plaintiff.

Hodes & Hodes, of Newark, N. J. (Maxwell E. Sparrow, of New York City, and Irving L. Hodes, of Newark, N. J., of counsel), for defendant.

MEANEY, District Judge.

The present action, instituted by the plaintiff under the patent laws, charges infringement of United States patent No. 2,312,882 issued to and still owned by the plaintiff. The defendant challenges the validity of the patent, but admits infringement if the patent is found valid.

The patent involved herein is on a game board of the shuffleboard type, but so designed that the game can be played with a board of approximately one half the length of the usual shuffleboard.

Plaintiff's game board comprises a table having a substantially flat playing surface enclosed by four walls. At the delivery end there is formed a gutter extending across the board and outward along a portion of the sides between the playing surface and the walls. The end or remote wall and portions of the side walls beyond the side gutters are provided with resilient cushions or linings. At the narrowed or delivery end of the playing surface, scoring lines or areas are placed.

The game is played with weights or discs, usually formed of metal, which are delivered manually for the purpose of making the weights strike the resilient walls, causing the weights to rebound toward the end from which they were delivered where scores are made, depending upon the positions of the weights relative to the scoring lines or areas.

The claims insisted upon are three, namely:

1. A game board comprising a substantially flat playing surface, a wall surrounding said surface, the wall at the delivery end of the board being spaced from the surface by a gutter, the portion of the game board playing surface remote from the delivery end of the board extending to the remaining portion of said wall, said last-named portion of the wall having resilient cushions whereby playing elements projected from the delivery end will rebound therefrom, said playing surface having scoring areas at the delivery end of the surface.

2. A game board comprising a substantially flat playing surface, a portion of the board at the end remote from the delivery end of the board being bounded by a wall having a resilient cushion at the edge of the board whereby weights will rebound therefrom, said board having a scoring area at the delivery end thereof, said delivery end and scoring area being bounded on two sides and the end by a gutter.

3. A game board of the shuffleboard type, comprising a substantially flat playing surface having the edges at one end of the surface partially surrounded by abutting walls having rebound cushions and having a scoring section at the other and delivery end partially surrounded by a gutter.

The game board manufactured by the defendant is an exact prototype of the board constructed by Cusano and described in his patent. Infringement is admitted by defendant if the validity of the Cusano patent is upheld.

Validity is challenged on the state of the prior art, a number of prior patents on game boards having been introduced in asserted proof of anticipation and lack of novelty. Several of the prior patents introduced by the defendant were in reference before the patent office.

Examination of prior inventions disclose none which, in the opinion of the Court, can be said to anticipate the Cusano patent, or which are so readily adaptable to plaintiff's disclosure as to negative novelty.

█ A patent relied upon as an anticipation must itself speak. The prior patent must, in substance, disclose the same specifications as those of the patent in suit, and it is not enough to prove that an apparatus described in an earlier patent can be made to produce this or that result. Root Refining Co. v. Universal Oil Products Co., 3 Cir., 78 F.2d 991, 994.

█ Neither does similarity of a prior patent negative novelty if the prior patent gives no indication that its inventor contemplated that his invention was capable of the use of the patent in suit. Gordon Form Lathe Co. v. Walcott Mach. Co., 6 Cir., 32 F.2d 55, 58; N. O. Nelson Mfg. Co.

v. F. E. Myers & Bro. Co., 6 Cir., 25 F.2d 659, 663.

Game boards of the type herein considered, by their inherent nature, must of necessity bear a resemblance and similarity to disclosures in prior patents, but such incidental similarity will not suffice to indicate anticipation and preclude novelty.

It is a simple matter, after a disclosure is made, to pick one feature from each of several prior patents and then assert that the new product is so near the patented parts that any one skilled in the trade could have done the same.

The defendant, further contending for the invalidity of the patent, asserts that the Cusano patent is simply a combination or aggregation of parts of a shuffleboard game and of a billiard table, the product being without new result.

It is my opinion that the combination in this patent goes beyond a mere aggregation of old elements producing an old result.

The application of the principal of rebound in itself is not new or novel. It is found in billiard tables dating back to antiquity. The same may be said generally of the shuffleboard game. But where it is evident that the patentee has combined old elements in producing a new result, this fact alone does not preclude invention. Novelty is not negatived merely by antiquity of parts. Bates v. Coe, 98 U.S. 31, 25 L.Ed. 68; Webster Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177.

Thus, in Grinnell Washing Mach. Co. v. Johnson, 247 U.S. 426, 432, 38 S.Ct. 547, 549, 62 L.Ed. 1196, the court said: "Generally speaking, a combination of old elements in order to be patentable must produce by their joint action a novel and useful result or an old result in a more advantageous way."

Where it appears that the new result, or the old result in a new manner, is achieved through the joint and co-operating action of all the old elements, it goes beyond the mere gathering together of old elements performing the same function as formerly done without being interdependent for an ultimate result, and in such instance there is patentable combination. Conversely, it is not an essential of patentability that every element must be jointly co-operative with every other.

To this effect is the statement of the court in National Cash Register Co. v. American Cash Register Co., 3 Cir., 53 F. 367, 372, where it was said: "If it were essential to a valid patent for any combination whatever that the mode of operation of every element included in the combination should be changed by each of the others, it would have been impossible to sustain several combination patents which have in fact been upheld, as, indeed, it would be difficult to conceive of any mechanical combination which would be both possible and patentable."

The plaintiff has, in my opinion, combined old elements in such manner and introduced such changes as to arrive at a new whole that is distinct from the parts and is novel in the Art. Such result, when reached, does not want of invention merely because the simplicity of means is so marked that another may believe that he could readily have produced it if called upon to do so.

Invention implies exercise of imagination in the development of a new product or a unique adaptation of old methods to produce new results. Invention possesses the elements of novelty and utility in kind and measure different and greater than what the art might expect from its skilled workers. Pyrene Mfg. Co. v. Boyce, 3 Cir., 292 F. 480. Measured by such standards, the Cusano patent meets the requirements of novelty, utility, and invention within the inventive concept. It must be admitted that the Cusano game board in form and design is similar in many respects to other game boards of ancient design. But the variation relied upon is the product of more than ordinary mechanical skill and reveals the exercise of inventive faculty.

Cusano produced his game board with a defined purpose. He sought to produce a game of the shuffleboard type, retaining therein the essentials of an adult game that would be stimulating to contestants and at the same time obtaining a game that could be played on a board one half the length of the usual shuffleboard, thus greatly increasing the commercial value of such a board. The result is a game entirely new in method of play and in rules of play. In the brief period that the Cusano game board has been marketed, it has apparently found marked commercial success. The success of plaintiff's endeavour is equally evidenced by the defendant's early entrance into production of a game board embody-

ing every feature disclosed in plaintiff's patent.

In view of the conclusions above and in view of defendant's admission of infringement in the event of a finding of validity by this court, it is my conclusion that Cusano Patent No. 2,312,882 is valid and infringed.

An order may be entered in accordance with this opinion and for the relief prayed for.