24 C.C.P.A. (Patents)

### In re GOGGINS.

### Patent Appeal No. 3694.

Court of Customs and Patent Appeals.

Dec. 7, 1936.

420

John H. Ruckman, of Minneapolis, Minn. for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting claims 2 to 12, inclusive, 15, 16, 18, 19, 27, and 28 of appellant's application. No claims were allowed. The examiner rejected the claims on the ground of aggregation. While the Board of Appeals did not disapprove this ground of rejection, it specifically found that each of said claims lacked invention.

Claims 3, 5, 6, 9, and 16 are illustrative and read as follows:

"3. In a system for use in connection with the delivery of commodities for cash and charge transactions, the combination of a commodity receptacle for receiving commodity articles attached at the outside of the place of a customer and opening into the inside thereof, means for preventing access of unauthorized persons into said receptacle, and a holder for tokens within said receptacle."

"5. In a system for use in connection with the delivery of commodities for cash and charge transactions, the combination of a commodity receptacle for receiving commodity articles located at the place of a customer and opening into the inside thereof, means for preventing access of unauthorized persons into said receptacle, a holder for tokens within said receptacle, and means operable from the inside of said place for releasing tokens from said holder.

"6. In a system for use in connection with the delivery of commodities for cash and charge transactions, the combination of a commodity receptacle for receiving commodity articles located at the place of a customer and opening into the inside thereof, means for preventing access of unauthorized persons into said receptacle, an indicator for showing the desired quantity of commodities, a holder for tokens within said receptacle, and means operable from the inside of said place whereby tokens corresponding to the setting of the indicator may be released from said holder."

"9. In a system for use in connection with the delivery of commodities for cash and charge transactions, the combination of a commodity receptacle for receiving commodity articles located at the place of a customer and opening into the inside thereof, means for preventing access of unauthorized persons into said receptacle, a holder for tokens within said receptacle, and means within said receptacle for recording the amount of commodities delivered."

"16. In a system for use in connection with the delivery of commodities for cash and charge transactions, the combination of a commodity receptacle for receiving commodity articles located at the place of a customer and opening into the inside thereof, means for preventing access of unauthorized persons into said receptacle, an indicator inside said place, means for setting said indicator to show the desired quantity of commodities, an outside indicator, connections between said indicators whereby the setting of the inside indicator will correspondingly set the outside indicator, a holder for tokens within said receptacle, and means whereby tokens corresponding to the setting of the indicators may be released from said holder."

The references cited are:
Pink, 499,309, June 13, 1893.
Von Barth, 1,114,828, October 27, 1914.
Cairns et al., 1,431,215, October 10, 1922.

The alleged invention relates to systems for use in connection with the delivery of commodities for cash and charge transactions, and, while intended more particularly for use in connection with the delivery of milk and cream, the system is susceptible of use in connection with the delivery of other commodities, such as butter and eggs.

The application discloses a box fastened to the door of a house. The receptacle has two openings, one on the outside and the other on the inside of the door of a house.

The section on the outside of the door is arranged to receive the commodities purchased and has a door and a lock. The section on the inside of the door contains a token or coin delivery apparatus. The specification also states that a recording device may be placed in said receptacle, and the details of construction of such a device are shown. Placed above the door, or at any suitable location upon the wall of the house where it is visible to the delivery man, is an indicator carrying words such as "milk," "cream," etc., with provision for carrying numerals opposite such words to indicate the quantity of the commodity desired. These indicators are operated by electromagnetically controlled mechanism; this mechanism is operated from the inside of the house. The indicators and their operating mechanism are not connected with the commodity receptacle above described in any way.

The patent to Pink relates to a cash recorder and check printer.

The patent to Von Barth discloses a device for delivering coins, housed in a casing, the control for the coin delivery being through electric circuits. The device is denominated in the patent as a "Wage-Paying Machine or the Like."

The patent to Cairns et al. relates to a coin delivery machine housed in a casing.

All of the claims are combination claims, and while the features of the mechanism employed are described in great detail in appellant's specification, we are not here concerned with the patentability of any of the elements of the claims apart from the combination. In re Germantown Trust Co., etc., 57 F.(2d) 365, 19 C.C.P.A.(Patents) 1140.

As hereinbefore observed, the examiner held that all of the claims before us were for mere aggregations of old elements, each performing its own original function, and that there was no cooperation between them; and the board, while not disapproving this holding of the examiner, specifically found that the claims lacked invention.

Appellant has filed a very lengthy brief, and has cited and discussed many cases relative to the distinction between claims which are for mere aggregations of old elements, which are not patentable, and true combination claims which are patentable.

This court has had occasion in a number of cases to consider when the elements of claims constitute mere aggregations, one of the most recent being the case of In re Hueber et al., 70 F.(2d) 906, 908, 21 C.C.P.A.(Patents) 1112. In that case we said:

"The distinction between a patentable combination and an aggregation has been the subject of much discussion by the courts, and is oftentimes a troublesome question. However, we think the cases have made quite plain what the decision should be here. The first case to which reference is made is Reckendorfer v. Faber, 92 U.S. 347, 353, 23 L.Ed. 719. This is the famous lead pencil case, involving alleged combination of a lead pencil having a rubber upon one end thereof. This device was held by the court to be not a patentable combination, upon principles which have often been cited by the courts. Hunt, Justice, in speaking for the court, said, among other things:

" '* * * But the results must be the product of the combination, not a mere aggregate of several results, each the complete product of one of the combined elements. * * * Does it embody any new device, or any combination of devices producing a new result? * * * The combination, to be patentable, must produce a different force or effect, or result in the combined forces or processes, from that given by their separate parts. * * * The result comes from the combined effect of the several parts, not simply from the separate action of each, and is, therefore, patentable.'

"In Grinnell Washing Machine Co. v. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 549, 62 L.Ed. 1196, an alleged combination of a washing machine and wringer operated by one motor and with gearing, was held by the Supreme Court to be not a combination, but an aggregation. Again, stating the doctrine which it had followed since Hailes v. Van Wormer, 20 Wall. 353, 368, 22 L.Ed. 241:

" '* * * Generally speaking, a combination of old elements in order to be patentable must produce by their joint action a novel and useful result, or an old result in a more advantageous way. * * * To borrow an illustration made at the argument, we think the Phillips aggregation of elements may be likened to the operation of a number of different machines in a factory by power applied from the same line shaft, each operation contributing its separate part to the production of a given result. * * * ' "

See, also, In re Appelburg et al., 37 F.(2d) 620, 621, 17 C.C.P.A.(Patents) 820,

and In re Germantown Trust Co., etc., supra.

■ Applying the rule as above set forth, we find no error in the decision of the Board of Appeals affirming the rejection by the examiner of the claims before us.

To demonstrate that the claims before us are for mere aggregations, we will analyze the claims which have been hereinbefore set forth as illustrative.

Claim 3 calls for a receptacle with a door on the outside portion, with a lock, an opening on the inside portion, and a holder for tokens within the receptacle. It is plain that there is no joint action or co-operation between these elements, and it is too clear for argument that the claim lacks invention. It merely calls for a box fastened to a door, with openings in front and behind, the front opening having a door and lock, and a cup or other holder within the receptacle.

Claim 5 has the additional element of means operable from inside the house for releasing tokens from the holder. This involves nothing more than placing a device such as disclosed by von Barth in the house, terminating in the receptacle. Here again there is no joint action or co-operation between said releasing device and the receptacle. It would serve the same useful purpose if it was placed outside the receptacle, although it might require another door and lock for the holder, but surely merely placing a well-known device inside the receptacle would not involve invention.

Claim 6 has the element, additional over claim 5, of an indicator for showing the desired quantity of commodities. The claim does not require that the indicator shall be within the receptacle, and appellant's specification shows that it is not so placed. There is no connection whatever between said indicator and the other elements named in the claim, and it is obvious that there could be no coaction between them.

■ It is a matter of common knowledge that in many communities, when ice is desired by a household, a card containing that word is placed in the window, and so far as claim 6 is concerned, the indicator there called for might be so placed.

Claim 9 has the element of a recording device placed within the receptacle. It is plain that there is no joint action between this element and the other elements of the claim. Moreover, it would not be argued that it would be inventive to place in the receptacle a pad of paper and pencil to enable the deliveryman to record the quantity of the commodity delivered, and neither would it be inventive to place in the receptacle a recording device such as is disclosed by the patent to Pink.

Claim 16 has the added feature of two indicators, one inside the house and the other outside, with connections between the two. Neither of these indicators is required to be within the receptacle, and neither is so placed in appellant's specification. These are separate elements operating separately and apart from the receptacle and the coin or token device, and there is no joint action between them.

As hereinbefore observed, whether or not the indicator device disclosed by appellant may in itself be patentable is not a matter before us for consideration here.

In the case of In re Appelburg et al., supra, we said: "It is a well-settled principle of patent law that a combination of old devices which produces no other result than the sum of the results produced by each of the devices is not patentable. Where a given number of elements, which produce a known result when functioning separately, is assembled, and the assembly produces only a combination of the results found in the individual units, no invention is shown, and amounts to an aggregation."

In many of the claims before us the elements, according to appellant's specification, are not even assembled, but are merely stated, and in all of the claims the results produced by the combination of the different elements are merely the sum of the results produced by each of the elements when functioning separately.

For the reasons stated herein, the decision of the Board of Appeals is affirmed.

Affirmed.