**PROSPERITY CO., Inc., v. AMERICAN MACHINE & METALS, Inc.**

No. 83.

District Court, D. Delaware.

July 24, 1942.

William Bohleber, of New York City, and Howard Duane, of Wilmington, Del., for plaintiff.

Willis B. Rice, of New York City, and Francis A. Reardon, of Wilmington, Del., for defendant.

KIRKPATRICK, District Judge.

Claim 9 of the patent was held valid but not infringed. This is the plaintiff's motion, and the ruling complained of is the one which limited the last element of the Claim 9—"means for holding the exhaust valves closed after the press is closed"—to the mechanism described in the specification, that is, mechanism of a type which will lock the exhaust valves at the safety point, in the course of the closing movement of the press and without the necessity of any additional manual operation of the levers. So limited, the claim was held not infringed, because the locking mechanism of the defendant's press will not operate at all without a second push upon the levers.

The basis of the ruling was my conclusion that, unless so restricted, the claim would be a mere aggregation. The plaintiff concedes that bringing together in a power-operated pressing machine a two-hand control element and some device which will prevent the exhaust valves from opening would be only an aggregation, and I do not think such an aggregation would be saved by selecting a type of locking mechanism which does not work until after the buck has come into contact with the head. Locking mechanism with the desired delayed action for safety is to be found in Deckert 1,542,341. I see no special virtue in the fact that the plaintiff's operates by

compressed air. If any such device was simply put on a two-hand control press, not really integrated with the machine, and working only under separate management by the operator, it seemed to me that you would have nothing more than a group of elements in juxtaposition, each performing its separate function and producing no new combined function, or at least none beyond what an ordinary skilled mechanic might expect, and that, if a combination at all, it would not be an inventive step over the prior art. This is what I tried to suggest in the illustration of a machine with a third control for locking the valves which could be operated without removing the hands from the other two controls. I am not at all sure such a machine would be a very satisfactory press, but I do not think that it matters because it was merely intended to show what I had in mind.

I did think, however, that when you combine the two-hand control power press with a delayed locking mechanism, operating within the law of action of the machine and designed so that the whole pressing could be done safely and easily by a single initial manual operation, you get a combination of elements performing their combined function so much more simply and efficiently than anything in the art that it is patentable. This is what Davis did in his patent and what the defendant did not do in its accused machine. I do not think the fact that Davis discovered one good way to do it gives him the right to claim every way, and I do not think that it matters whether there is or is not some other equally satisfactory way. If there was it might easily be a different invention.

■ If the foregoing view is correct (and, in spite of the plaintiff's well considered argument, I think it is) then when Davis claimed his valve-locking mechanism as "means" he was claiming the essence of his invention. If the means clause is extended to cover, as it reads, any and all types of valve-locking mechanism having delayed operation, then the claim covers many noninventive devices by a description of a crucial element in terms of its function, and it would be invalid.

■ The distinction upon which "means" clauses are sometimes broadly sustained and sometimes sustained only as limited by the specification is clearly stated in General Radio Company v. Allen B. DuMont Laboratories, Inc., 3 Cir., June 3, 1942, 129

F.2d 608, as follows: "There is an obvious difference between describing a well known element in a combination in terms of its particular well known function and describing a single element in a combination in terms of the result achieved by the whole combination." The point is not the physical characteristics of the "means" (e. g. as a connecting part) or its location in the patented structure, but whether or not it is the thing which makes a combination of what would otherwise be a mere mechanical improvement; in other words, whether or not it contains the gist of the invention. If it does, the Court may, if the record warrants it, save the claim from invalidity by limiting the means clause to a substantial approximation of the specification. Davis Sewing Machine Co. v. New Departure Mfg. Co., 6 Cir., 217 F. 775.

Whatever doubt there is in my mind is upon the question whether there is any invention in the Davis apparatus, but, on the whole, I think that there is, and I am willing to let the finding upon that point stand. However, I do feel that the locking mechanism is the point where, if anywhere, invention lies, and consequently that any valid claim for it may not extend beyond the specification.

Motion for new trial is denied.