**PROSPERITY CO., Inc., v. AMERICAN MACHINE & METALS, Inc.**

**No. 8175.**

Circuit Court of Appeals, Third Circuit.

Argued May 4, 1943.

Decided May 18, 1944.

William Bohleber, of New York City (Howard Duane, of Wilmington, Del., and John M. Montstream, of New York City, on the brief), for plaintiff-appellant.

Willis B. Rice, of New York City (Francis A. Reardon, of Wilmington, Del., on the brief), for defendant-appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of Delaware dismissing a complaint in which the plaintiff as owner of the Davis Patent No. 1,609,273, relating to pneumatic control and safety devices in pressing machines, charged the defendant with infringement of Claim 9 of that patent. The district court held the claim valid but not infringed.

The state of the laundry pressing machine art and the place of the patent in it, as well as the nature of the inventive combination claimed by the patent, are fully described by Judge Kirkpatrick in his opinions for the district court, 47 F.Supp. 286, 47 F. Supp. 289, and need not be recounted here. It is sufficient to say that the patent relates to a pneumatically operated laundry pressing machine having a movable heated head which descends upon a fixed padded buck on which the work to be pressed is laid. The patent discloses a group of elements designed to attain safety in the operation of the press from the danger of burning or crushing the hand of the operator between

the descending head and buck and to secure the retention of the head upon the buck after it has reached closed position and until released. The first objective is attained by the use of two-hand controls for closing the exhaust valves which direct the pneumatic pressure to the mechanism of the head of the press and which are so designed that if the operator takes her hand from either one of them during the descent of the head the valves will open, release the pneumatic pressure, and thus permit the head to retract to its fully open position. The element which is designed to secure the objective of retaining the head upon the buck after it has reached closed position is described in Claim 9 as "means for holding the exhaust valves closed after the press is closed." Its function is to lock the exhaust valves closed so that the pneumatic pressure which they control will continue to be exerted upon the mechanism of the head to hold it in closed position without further attention on the part of the operator until she desires to release it. The advantage of this is to enable her to attend to another press during the interval required to complete the pressing of the work.

The determinative question in the case is whether this valve locking element of the combination claimed must be construed as limited to a mechanism which operates automatically in the regular course of the operation of the press and does not include a mechanism which operates only when and if started by independent action of the operator. After full consideration we have reached the conclusion that the district court was right in holding that the claim must be thus limited in scope if it is to be held valid as covering an inventive combination rather than a nonpatentable aggregation, and that as thus limited the defendant's device does not infringe it. The reasons for this conclusion have been fully stated by Judge Kirkpatrick in his opinions and to restate them here would be but to paraphrase what he has already well said. We accordingly will content ourselves with but a few brief observations.

If the means employed "for holding the exhaust valves closed after the press is closed" operate automatically upon the closing of the press as a necessary sequence in the operation of the press and without any further attention from the operator they may well be said to cooperate with the other elements of the press in producing a single unitary result and thus to form part of a patentable combination. But this cannot be said if the valve locking means do not operate automatically and inevitably when the press is closed by the use of the two-hand controls, but only if and when they are called into play by independent action of the operator. It is not the necessity of manual operation which then disqualifies them, however, but the fact that their operation under these circumstances bears no necessary relation to the operation of the other elements of the claimed combination. Compare Grinnell Washing Mach. Co. v. E. E. Johnson Co., 1918, 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196. Moreover, the mere fact that the valve locking means are in juxtaposition to the other mechanism of the press and are activated by the same pneumatic pressure which activates the mechanism of the press generally does not of itself make them elements of a patentable combination. Nor do we think that result is achieved by so arranging the valve locking mechanism that its operation is made mechanically impossible until after the operation of the press has brought the head into closed position upon the buck. Compare Gas Machinery Co. v. United Gas Improvement Co., 6 Cir., 1915, 228 F. 684; Victor Cooler Door Co. v. Jamison Cold Storage Door Co., 4 Cir., 1930, 44 F.2d 288.

It is quite clear that the defendant's accused press does not have the automatic valve locking means which are called for by the claim in suit as it must be limited. On the contrary the locking means of the defendant's press do not operate automatically after the head is closed but can only be brought into action by an independent manual operation of the controls by the operator. It follows that the district court correctly held that Claim 9 of the Davis patent was not infringed.

The judgment of the district court is affirmed.