**CHERRY-BURRELL CORPORATION v. DAIRY & CREAMERY EQUIPMENT CO.**

No. 9978.

Circuit Court of Appeals, Eighth Circuit.

Dec. 20, 1934.

William O. Belt, of Chicago, Ill. (Arthur C. Brown, of Kansas City, Mo., on the brief), for appellant.

Charles W. Gerard, of Kansas City, Mo., for appellee.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an action for infringement of letters patent No. 1,620,116, granted D. A. Maanum, March 8, 1927, and covering a mechanism to wash milk cans. The defenses were invalidity of the patent and noninfringement. The issue of invalidity in the court below involved prior use and also anticipation by prior patents. The trial court found prior use and noninfringement without indicating any view as to the issue of anticipation by earlier patents.

### Anticipatory Patents.

Appellee seeks here to support the decree of the trial court, not only on the two grounds above stated, but upon the additional ground of anticipation by prior patents. The record here is not in condition to make this contention subject to our examination. In the trial below various patents seem to have been introduced as anticipations, but, when the record was made up for this court, all of these anticipatory patents were transmitted as physical exhibits to this court under a stipulation of the parties that they might be available here and need not be printed in the transcript of the record. An order was made by the trial court transmitting these matters as physical exhibits. They were not made part of the printed record (printed under our rule) here; no order excepting them from our rule (rule 23) as to printing the record was sought. It is not within the power of the parties to abrogate in whole or part our rule as to what shall be printed in this court. All of these exhibits were of a character which permitted of printing. Where the parties transmit, as physical exhibits, matters which are capable of reproduction in the printed record with full effect as to their evidentiary value, a failure to include such in the printed record or to obtain an order suspending our rule as to printing, in so far as it affects such matters, makes them no part of the record before us which we are compelled to consider. Such violation of our rule makes it a matter of pure discretion upon the part of this court, whether it will consider such unprinted, though transmitted, matters. Our rule as to printing is of great practical value and is a time and labor-saving device for the judges of this court who are heavily burdened with work. It is easy to present a motion to suspend that rule, and this court has never been arbitrary in acting on such motions where there were substantial grounds therefor. In the present instance there seems no excuse for a violation of the rule, and our discretion should and will be exercised against consideration of the matters omitted from the printed record. The result is that there is no basis in the record before us for this contention of appellee, since the printed record contains none of the anticipatory citations.

### Prior Use.

The trial court held the claims involved here to be invalid because of prior user. The petition expressly limits the controversy to claims 3, 4, and 5. Each of these claims is very general in character. Claim 3, which is typical, is as follows: "A self-contained cleaning apparatus comprising a bowl having a wall adapted to support an inverted can, a nozzle carried in said bowl in position simultaneously to project water into contact with substantially all portions of the interior of said can, a conduit connecting said nozzle with a water heating means, and pump means disposed between said nozzle and heating means adapted to be actuated by the operator to force the heated water through said nozzle."

The answer pleaded that "for more than two years prior to the said filing of application for the patent in suit, said alleged improvements had been in public use at Con-

way, Mo., by one Harry N. Leavitt, then of Conway, Mo., now of Springfield, Mo."

The device which the trial court regarded as representing prior user was one presented in the answer and covered by the evidence of Harry N. Leavitt, who had constructed and used it, and of five other witnesses, all of whom had seen the device many times and had seen it in operation and three of whom had operated it. It is a wise rule that proof of prior user must be "clear, satisfactory, and beyond a reasonable doubt." Grupe Drier & Boiler Co. v. Geiger, Fiske & Koop, 215 F. 110, 114 (C. C. A. 8); Haggerty et al. v. Rawlings Mfg. Co., 14 F.(2d) 928, 929 (C. C. A. 8). The proof here measures up to this high standard. It shows beyond a reasonable doubt that Leavitt constructed a crude but workable device of this character about 1911, which was operated until 1916, at the creamery depot of Henry Anderson, at Conway, Mo. A drawing and the oral testimony of Leavitt and other witnesses clearly show the Leavitt machine to have been essentially the same in arrangement, operation, and results as that covered by the involved claims of this patent, although it was more crudely constructed out of makeshift material. The testimony of Leavitt convinces that he was a capable, alert man who might have done what he says he did do. His testimony shows a natural reason and necessity for creation of his device at the time claimed by him. Five other witnesses, with no interest in this litigation, all testify to seeing the Leavitt device and seeing it in operation on numerous occasions. Although Leavitt testifies that he alone operated it, three of the witnesses (Vestal and Graves and McKay) testify to having operated it at odd times. There is nothing about the testimony of any of these parties to cast the slightest suspicion upon the integrity of the witness or his opportunity for knowledge. The trial court correctly held that this testimony sufficiently met the requirements of the above rule of law as to oral proof of prior usage and properly ruled invalid the three claims here in suit.

### Infringement.

The trial court was also correct in determining no infringement. A feature of the device covered by the patent is its unity as a portable machine. The specifications contain the following: "The device is quite portable, and it has all of its parts supported on one frame so that it is entirely self-contained."

Each of the three claims here involved is for "a self-contained cleaning apparatus comprising" etc. (claim 3); "a portable self-contained can washing apparatus * * *" (claim 4); "a portable self-contained apparatus for washing and sterilizing milk cans * * *" (claim 5). Defendant's device is not self-contained. One of its essential parts is separate from the main machine and is not portable as a part thereof; in fact, this part is not sold by appellee but is left to be supplied by the user. This is the lamp or other heat-producing device which heats the water used in cleaning the cans.

The decree should be, and is, affirmed.