Gustave W. BOEKLAND, Plaintiff-Appellant,

v.

Svend PEDERSEN and Borghild Pedersen, etc., d/b/a Paramount Plastics Co., Defendants-Appellees.

No. 11881.

United States Court of Appeals Seventh Circuit.

May 20, 1957.

Edward A. Haight, Robert R. Lockwood, John W. Hofeldt, Chicago, Ill., for appellant.

Casper W. Ooms, Robert C. Williams, David L. Ladd, Chicago, Ill., for appellees.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, owner of patent 2,357,806, issued September 12, 1944 and of 23,171, reissue of 242,338, brought suit against defendants charging infringement of both patents. The district court found them infringed by the process employed by defendants, but invalid. In its opinion, reported in 142 F.Supp. 652, the court explored meticulously and discussed at length the issues of law and fact involved and the evidence submitted, and made extended findings and conclusions, which we need not repeat.

Upon appeal plaintiff insists that the finding of invalidity is clearly erroneous, upon the argument that it was predicated upon an erroneous interpretation of applicable law; that the evidence of prior use found to anticipate was not sufficient to meet the standards governing such proof; and, specifically, that, though the elements of the combinations of the patents were old, the results were entirely new. In short, the parties agree that both are combination patents, plaintiff maintaining that they are valid and defendant, that all elements in the patents were old and that neither achieves the "new and surprising" result necessary to sustain combination patents.

Plaintiff argues that, inasmuch as the trial court did not specifically find that any one of the prior art references included all elements of the patents in issue, it erroneously held that anticipation existed. Defendants concede that in order to establish "literal anticipation," all old elements which a patentee combines must appear in a single prior art reference. Apparently, the trial court used the word "anticipation" in a much more liberal sense than is justified by the decisions of this and other courts. However, it found not only that the patents were anticipated by various prior art references, but, also, that they did not teach novelty over the prior art, but "disclosed no invention not theretofore known and patented." Consequently, we think it immaterial, under our conclusions, whether the court employed the prescribed standard in determining anticipation, in view of the fact that it also found the patents invalid for want of patentable invention. As we said recently, in Pleatmaster, Inc., v. J. L. Golding Mfg. Co., 7 Cir., 240 F.2d 894, 897: "we do not need to go so far as to say that there is complete anticipation in the prior art devices of everything that Solomon accomplished. Thus, in Dixie-Vortex Co. v. Paper Container Mfg. Co., 7 Cir., 130 F.2d 569, we said: "* * * '[i]t is sufficient, we think, that the prior art disclosures are such that a person skilled in the art might readily design the improvement which Barbieri claims to have made'." In Application of Petersen, 223 F.2d 508, at page 511, 42 C.C.P.A., Patents, 1043, the court said: "While no single reference discloses all the admittedly old steps of the claimed method, it is proper to combine refrences, if warranted, to show that the bringing together of these old steps was reasonably suggested by the prior art, and would have readily occurred to the worker skilled in such art." Thus, the crucial question before us is whether the trial court's determination of lack of invention is sustained by the evidence.

■■ We have examined all the prior art submitted, including documentary and oral evidence, as well as the testimony concerning prior use. We have also considered one earlier patent, which the district court did not deem it necessary to mention, DeCorrevont, No. 1,856,-694. From a consideration of all this prior art we think it clear that each element included in these two combinations was within the teachings of the art, of all of which the patentee was bound to take notice. Therefore, he did not achieve invention, unless, in combining these old elements, he produced a new result or at least such a more facile construction or operation as would involve invention.

The district court had before it documentary and oral evidence and parol testimony as to prior use. That it gave to all of this evidence careful attention and analyzed it in detail is evident from the reported opinion. We think, after examining the record, that to upset the finding of no invention is unjustified, in view of the provisions of Rule 52(a) of the Rules of Federal Procedure, 28 U.S. C.A. It is clear, we think, from the record, that plaintiff fell short of proof of a patentable invention. As the Supreme Court said in Great Atlantic & Pacific Tea Co. v. Supermarket Equip. Co., 340 U.S. 147, 152–153, 71 S.Ct. 127, 130, 95 L.Ed. 162: "The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable. * * * A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men." And in the earlier case of Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, at page 549, 58 S.Ct. 662, at page 664, 82 L.Ed. 1008, the court announced: "The mere aggregation of a number of old parts or elements which, in the new aggregation, perform or produce no new or different function or operation than that theretofore per-

formed or produced by them, is not patentable invention." As said in Concrete Appliances Co. v. Gomery, 269 U.S. 177, 184, 185, 46 S.Ct. 42, 45, 70 L.Ed. 222: "Failure to make use of these obviously applicable methods and appliances in combination, suitable to the particular work in hand, in dealing with a new, plastic material capable of similar treatment, would we think, have evidenced a want of ordinary mechanical skill and of familiarity with construction problems and methods. * * * This progressive adaptation, * * * of well-known devices to new but similar uses, 'is but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice." See also Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L. Ed. 1196; Standard Brands v. National Grain Yeast Corp., 3 Cir., 101 F.2d 814; Buffalo Gravel Corp. v, Gravel Products Corp., 2 Cir., 76 F.2d 756; Application of Petersen, 223 F.2d 508, 42 C.C.P.A., Patents, 1043. To the doctrine of these cases we assented in Otis v. National Tea Co., 7 Cir., 218 F.2d 153. We agree with the trial court that no patentable invention exists in either patent; that any proved increased facility of operation does not rise to the stature of invention, and that no new and surprising result over that of the earlier art is shown,— at most of such character as to impel a conclusion of patentable invention. We adopt the reasoning of the district court and its interpretation of the facts.

Plaintiff insists that the court's finding as to prior use was based upon parol testimony unsupported by physical or documentary evidence, which was, therefore, insufficient to sustain the finding. Irrespective of our belief that, if the evidence as to prior public use is such that it would be accepted as satisfactory and convincing in any other kind of case, then the degree of proof fixed by law to establish such use is attained (see White-

man v. Mathews, 9 Cir., 216 F.2d 712, at page 716; King Gun Sight Co. v. Micro Sight Co., 9 Cir., 218 F.2d 825, 827–828; Cherry-Burrell Corp. v. Dairy and Creamery Eqpt. Co., D.C.Mo.1933, 19 U. S.P.Q. 129, 130, affirmed 8 Cir., 75 F.2d 60, 62), we think plaintiff's contentions of insufficient proof are not supported even under a more restricted rule of proof in such cases. In other words, we believe the evidence satisfies any possible requirement in this respect. The court had before it not only parol testimony as to prior use, but, in addition, testimony of technically trained witnesses who saw the use, the equipment used, the records of the use, the catalogue of products resulting therefrom, and specimens of the product, as well as various other corroborating physical exhibits. We conclude that the court was entirely justified in finding that the prior use was sufficiently proved.

Plaintiff objects to the consideration by the trial court of prior art in rubber articles. It contends that such references are irrelevant in cases of plastic products. We think the prior art cannot be thus strictly limited. We recognized in Copeman Laboratories Co. v. General Plastics Corp., 7 Cir., 149 F.2d 962, that a rubber ice-cube tray was infringed by a tray made of plastic, assuming that there was no question but that the two arts were analogous. We think the trend of modern decisions, including those of the Supreme Court, is to widen the scope of the prior art which can be considered pertinent. See Mandel Bros. v. Wallace, 335 U.S. 291, at page 296, 69 S.Ct. 73, 93 L.Ed. 12; In re Kylstra, 87 F.2d 487, at page 488, 24 C.C.P.A., Patents, 938; Butler Mfg. Co. v. Enterprise Cleaning Co., 8 Cir., 81 F.2d 711. Compare Potts v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275. At any rate, we believe that, in this case, the two arts are analogous and that the rubber art was relevant.

In the course of its argument plaintiff intimates that the recent Patent Act lowered the standard of invention. We have held to the contrary and so have

**504**

other courts. See Stanley Works v. Rockwell Mfg. Co., 3 Cir., 203 F.2d 846; General Motors Corp. v. Estate Stove Co., 6 Cir., 203 F.2d 912.

In view of the scrutiny given by the trial judge to the evidence, his analysis of the same, after careful examination of the record, we approve his reasoning and agree that both patents are invalid.

The judgment is affirmed.